KILPATRICK TOWNSEND & STOCKTON LLP
DAVID E. SIPIORA (State Bar No. 124951)
1400 Wewatta Street, Suite 600
Denver, CO 80202-5556
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email:  *dsipiora@kilpatricktownsend.com*

KILPATRICK TOWNSEND & STOCKTON LLP
ROBERT J. ARTUZ (State Bar No. 227789)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email:  *rartuz@kilpatricktownsend.com*

KILPATRICK TOWNSEND & STOCKTON LLP
CHARLES A. PANNELL, III (*Appearing Pro Hac Vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email:  *cpannell@kilpatricktownsend.com*

Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>  v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>  Defendants and Counterclaim Plaintiff. | Case No. C 12-03451 RMW<br><br>**LSI CORPORATION AND AGERE SYSTEMS LLC'S ANSWER TO ORIGINAL COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants LSI Corporation ("LSI") and Agere Systems LLC ("Agere") (collectively "Defendants") submit their Answer to the Original Complaint for patent infringement ("Complaint") served by Realtek Semiconductor Corporation ("Realtek"), in the correspondingly numbered paragraphs and sections below. Although the corresponding headings of each section of the Complaint do not require a response, they are duplicated here for convenience. To the extent any response is required, Defendants deny any facts or allegations made in the section headings.

## NATURE OF THE ACTION

1. Defendants admit that Realtek brings this complaint as alleged, but Defendants deny that Defendants have breached any contractual commitments to the Institute of Electrical and Electronics Engineers Standards Association ("IEEE-SA") and its members, affiliates and adopters and, if applicable, Realtek. Defendants deny any remaining allegations of paragraph 1.

2. Defendants admit that IEEE-SA sets standards for IEEE and promulgates technical standards for a variety of fields, including telecommunications. Defendants admit that IEEE-SA maintains a policies related to patent owners participating in standard setting efforts. Defendants deny any remaining allegations of paragraph 2.

3. Defendants admit that Agere participated in meetings related to standard setting before the IEEE-SA relating to "wireless local area network" ("WLAN") technology. Defendants admit that Agere made commitments regarding certain of its patents pursuant to IEEE-SA policies, and LSI intends to honor such commitments. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 3 and therefore deny them.

4. Defendants admit that certain IEEE WLAN standards are implemented worldwide in a variety of electronic devices. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4 and therefore deny them.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants admit that Realtek has brought this Complaint and purports to seek various judicial relief and declarations, but Defendants deny that Realtek is entitled to such relief and declarations. Defendants deny any remaining allegations of paragraph 7.

**PARTIES**

8. Admitted.

9. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 9 and therefore deny them.

10. Defendants admit that LSI is a corporation organized and existing under the laws of Delaware and has its principal place of business at 1621 Barber Lane, Milpitas, California 95035. Defendants admit that Agere is a wholly-owned subsidiary of LSI. Defendants admit that LSI assumed some of Agere's commitments to the IEEE-SA. Defendants deny any remaining allegations of paragraph 10.

11. Defendants admit that Agere Systems LLC is a Delaware corporation having its principal place of business at 110 American Parkway NE, Allentown, Pennsylvania.

12. Defendants admit the allegations in the first three sentences of paragraph 12. As to the fourth sentence, Defendants admit that Agere obtained rights to certain patents "essential" to WLAN through assignment from Lucent, which in turn had obtained rights to the patents from AT&T. Defendants deny any remaining allegations of paragraph 12.

13. Defendants admit that Agere merged with LSI in 2007 and is now a wholly-owned subsidiary of LSI. Defendants deny any remaining allegations of paragraph 13.

**JURISDICTION AND VENUE**

14. Defendants admit that this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. Defendants specifically deny that Realtek has been injured and is entitled to any relief. Defendants deny any remaining allegations of paragraph 14.

15. Defendants admit that they are subject to the Court's personal jurisdiction. Defendants admit that LSI has its principal place of business in the Northern District of California. Defendants deny any remaining allegations of paragraph 15.

16. Defendants admit that venue is proper in the Northern District of California.

**BACKGROUND**

**Introduction to Standards**

17. Defendants are without knowledge or information sufficient to form a belief as to the

1   allegations of paragraph 17 and therefore deny them.

2       18.    Defendants are without knowledge or information sufficient to form a belief as to the
3   allegations of paragraph 18 and therefore deny them.

4       19.    Defendants are without knowledge or information sufficient to form a belief as to the
5   allegations of paragraph 19 and therefore deny them.

6       20.    Defendants are without knowledge or information sufficient to form a belief as to the
7   allegations of paragraph 20 and therefore deny them.

8       21.    Defendants are without knowledge or information sufficient to form a belief as to the
9   allegations of paragraph 21 and therefore deny them.

10      22.    Defendants admit that certain Standard Development Organizations ("SDO") have
11  adopted rules, policies, and procedures that address the disclosure and licensing of patents that SDO
12  participants may assert in relation to the practice of the standard under consideration, and that these
13  rules, policies, and/or procedures are set out in the intellectual property rights policies ("IPR
14  policies") of the SDOs.  Defendants are without knowledge or information sufficient to form a
15  belief as to the remaining allegations of paragraph 22 and therefore deny them.

16      23.    Defendants are without knowledge or information sufficient to form a belief as to the
17  allegations of paragraph 23 and therefore deny them.

18      24.    Defendants are without knowledge or information sufficient to form a belief as to the
19  allegations of paragraph 24 and therefore deny them.

20      **Wireless LAN Standards**

21      25.    Defendants deny the allegations of paragraph 25.

22      26.    Defendants admit the WLAN, in conjunction with many other technologies, enables
23  an electronic device to access the Internet wirelessly.  Defendants further admit that a WLAN
24  network typically consists of an access point that can communicate to devices such as notebook
25  computers and other electronic devices by radio signals.  Defendants are without knowledge or
26  information sufficient to form a belief as to the remaining allegations of paragraph 26 and therefore
27  deny them.

28      27.    Defendants admit that the use of some WLAN technology has grown in the United

1 States since its introduction in the 1990s. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 27 and therefore deny them.

28. Defendants admit that IEEE developed a standard for wireless networking referred to as 802.11. Defendants further admit that there have been multiple amendments issued for the 802.11 standard. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 28 and therefore deny them.

**Defendants' Involvement in Development of the WLAN Standards**

29. Defendants admit that the IEEE-SA has promulgated technical standards. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 29 and therefore deny them.

30. Defendants admit that the IEEE maintains policies related to patents and that the policies speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 30 and therefore deny them.

31. Defendants admit that the IEEE maintains policies related to patents and that the policies speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 31 and therefore deny them.

32. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 32 and therefore deny them.

33. Defendants admit that they have represented to Realtek that Agere owns rights in patents that are or may become essential to comply with one or more amendments to the 802.11 standard, including U.S. Patent Numbers 6,452,958 and 6,707,867. Defendants deny any remaining allegations in paragraph 33.

34. Defendants admit that Agere provided Letters of Assurance to the IEEE and that the Letters of Assurance speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 34 and therefore deny them.

35. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 35 and therefore deny them.

36. Defendants admit that Agere provided Letters of Assurance to the IEEE and that

Defendants will honor any commitments set forth therein.  Defendants deny any remaining allegations in paragraph 36.

### Realtek's Reliance on Commitments with Respect to WLAN Technologies

37. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 37 and therefore deny them.

38. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 38 and therefore deny them.

39. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 39 and therefore deny them.

### Defendants' Breach of Their Contractual Obligation to License Their Identified Patents on The Promised Terms

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants admit the allegations of paragraph 42.

43. Defendants admit that Realtek sent a letter to LSI on May 24, 2012 regarding a request for reasonable and non-discriminatory license terms.  Defendants admit that on June 20, 2012, LSI provided a proposal to Realtek entitled "LSI RAND License: WLAN."  Defendants specifically deny Realtek's allegation that Defendants breached their RAND obligations.  Defendants specifically deny that LSI's proposal was inherently unreasonable.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 43.

44. Defendants specifically deny that Defendants' proposal to Realtek is discriminatory and unfair and that Defendants breached their RAND obligations.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 44 and therefore deny them.

45. Defendants deny the allegations of paragraph 45.

46. Defendants admit that they have represented that they possess patents that are essential to implementations of certain 802.11 standards.  Defendants admit that they will honor

1 commitments made before the IEEE-SA.  Defendants deny any remaining allegations of
2 paragraph 46.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

47. Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

48. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 48 and therefore deny them.

49. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 49 and therefore deny them.

50. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 50 and therefore deny them.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

## SECOND CAUSE OF ACTION

**(Promissory Estoppel)**

56. Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 59 and therefore deny them.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

### THIRD CAUSE OF ACTION

**(Declaratory Judgment that Defendants Must Offer Realtek a RAND License Or That The Alleged "Essential" Patents Are Unenforceable As to Realtek)**

64. Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

### FOURTH CAUSE OF ACTION

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200)**

71. No response to paragraph 71 is required, because the Fourth Cause of Action has been dismissed.

72. No response to paragraph 72 is required, because the Fourth Cause of Action has been dismissed.

73. No response to paragraph 73 is required, because the Fourth Cause of Action has been dismissed.

74. No response to paragraph 74 is required, because the Fourth Cause of Action has been dismissed.

75. No response to paragraph 75 is required, because the Fourth Cause of Action has been dismissed.

76. No response to paragraph 76 is required, because the Fourth Cause of Action has been dismissed.

# PRAYER FOR RELIEF

Defendants deny that Realtek is entitled to any of the relief requested in its Prayer for Relief or any relief whatsoever. Defendants deny all allegations of the Complaint not specifically admitted above.

# AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses set forth below, and in making such defenses do not concede that they bear the burden of proof as to any of them. Discovery is at an early stage in this matter, and therefore Defendants have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Defendants reserve the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

1. Realtek's demand for an injunction of Defendants is barred because Realtek has not suffered irreparable harm from Defendants' actions.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2. Realtek's Causes of Action fail to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Ripeness)

3. There is no subject matter jurisdiction for Realtek's Causes of Action because they were not ripe for adjudication when filed.

## FOURTH AFFIRMATIVE DEFENSE
### (Forfeiture/Repudiation)

4. Realtek's Causes of Action are barred because, by failing to discuss or negotiate the terms of a reasonable and non-discriminatory license, Realtek breached and otherwise repudiated the benefits of the alleged contract and/or promise to which it claims to have relied upon and/or claims to be a third party beneficiary.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Condition Precedent)**

5.     Realtek's Causes of Action are barred because Defendants' alleged commitments to offer patent licenses on reasonable and non-discriminatory terms are conditioned on the requesting party discussing or negotiating the terms of such a license.  Realtek failed to satisfy that condition, therefore Defendants' obligation to offer a license never arose.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6.     Realtek's Causes of Action are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Judicial Estoppel)**

7.     Realtek's Causes of Action are barred by the doctrine of judicial estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8.     Realtek's Causes of Action are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

9.     Realtek's Causes of Action are barred by Realtek's failure to mitigate damages.

## DEFENDANTS' COUNTERCLAIMS

LSI Corporation ("LSI") and Agere Systems LLC ("Agere") (collectively "Counterclaim Plaintiffs") counterclaim against Plaintiff and Counterclaim Defendant Realtek Semiconductor Corporation ("Realtek").

1. Agere is a Delaware corporation having its principal place of business at 110 American Parkway NE, Allentown, Pennsylvania.

2. LSI is a corporation organized and existing under the laws of Delaware and has its principal place of business at 1621 Barber Lane, Milpitas, California 95035.  Agere is a wholly-owned subsidiary of LSI.

3. Realtek is a corporation organized under the laws of Taiwan with its principal place of business at No.2 Innovation Road, II, Hsinchu Science Park, Hsinchu 300, Taiwan.

## JURISIDCITION AND VENUE

4. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different states and because the value of declaratory relief sought, the value of Counterclaim Plaintiffs' rights these Counterclaims will protect and enforce, Counterclaim Plaintiffs' damages, and the extent of the injury to be prevented exceed the amount of $75,000, exclusive of interest and costs. This Court also has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1367 because Counterclaim Plaintiffs' claims are so related to claims in Realtek's action within such original jurisdiction that they form part of the same case or controversy. This Court has subject matter jurisdiction over these Counterclaims for declaratory relief under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

5. Personal jurisdiction is proper in this Judicial District at least because Realtek has consented to jurisdiction in this Judicial District by filing suit against Counterclaim Plaintiffs in this Court and pursuing discovery against Counterclaim Plaintiffs in this action.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) – (d).

## BACKGROUND

### Agere's Patents and IEEE Letters of Assurance

7. Agere is the owner, by assignment, of U.S. Patent Nos. 6,452,958 and 6,707,867

("the Patents").

8. U.S. Patent No. 6,707,867 issued from U.S. Patent Application No. 10/092,295.

9. The Institute of Electrical and Electronics Engineers, Inc. ("IEEE") is a Standards Setting Organization ("SSO") that is responsible for developing, among other things, technical standards for wireless local area network ("WLAN") technology.

10. The IEEE includes members that are engaged in developing and securing intellectual property rights in the field of WLAN technology. These members often assist IEEE in developing technical standards. When IEEE adopts a standard it accounts for the essential intellectual property rights that cover elements of the standard, to which those seeking to practice the standard will need a license.

11. To account for essential intellectual property rights, IEEE maintains policies and procedures that describe the various circumstances and conditions for adopting a standard covered by certain intellectual property rights.

12. IEEE members often submit Letters of Assurance that provide the terms and conditions under which they are willing to grant licenses.

13. On or about January 24, 2003, a representative of Agere signed and submitted to the IEEE a Letter of Assurance regarding certain Agere patents that stated Agere "is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [802.11g] IEEE Standard." The Letter of Assurance identified, among other patents, U.S. Patent No. 6,452,958 as one of the patents it would license and further stated that Agere "will make available on a non-exclusive basis, under reasonable terms and conditions that are nondiscriminatory, licenses to patents and patent applications owned by Agere to the extent required to practice the IEEE 802.11g standard, subject to receipt by Agere of reciprocal licenses from the licensee."

14. On or about September 4, 2003, a representative of Agere signed and submitted to the IEEE a Letter of Assurance regarding certain Agere patents that stated Agere "is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [802.11e] IEEE Standard." The Letter

1  of Assurance identified, among other patents, U.S. Patent Application No. 10/092,295 as one of the
2  patents it would license and further stated that Agere "will make available on a non-exclusive basis,
3  under reasonable terms and conditions that are nondiscriminatory, licenses to patents and patent
4  applications owned by Agere to the extent required to practice the IEEE 802.11e standard, subject
5  to receipt by Agere of reciprocal licenses from the licensee."

6  15. LSI will honor any commitments made by Agere in the January 24, 2003 and
7  September 4, 2003 Letters of Assurance ("the Letters of Assurance").

8  16. The Letters of Assurance and IEEE policies do not establish a license (expressly or
9  impliedly) in any third-party. Rather, the essential patent owner and the prospective implementer
10 have the responsibility of determining the terms and conditions of a reasonable and non-
11 discriminatory ("RAND") license. In order to claim the benefit of the commitments made in the
12 Letters of Assurance, the patent owner and prospective implementer must discuss and negotiate in
13 good faith the terms of the RAND license through bilateral negotiations.

14 **Realtek's Awareness of the Patents**

15 17. Realtek has alleged it was informed of U.S. Patent No. 6,452,958 and the fact they
16 were essential to practice the 802.11 standard in and around October 22, 2002.

17 18. Realtek has alleged that it developed and sold products that comply with the 802.11
18 standards subject to Counterclaim Plaintiffs' Letters of Assurance.

19 19. Realtek has alleged that it developed and sold products that comply with the 802.11
20 standards in reliance upon Agere's Letters of Assurance.

21 20. Realtek did not request or apply for a license to the Patents prior to May 24, 2012.

22 **Defendants' ITC Complaint**

23 21. On March 7, 2012, LSI sent a letter to Realtek asserting the Realtek products, as
24 incorporated into certain third-party devices, infringe the Patents. On March 12, 2012,
25 Counterclaim Plaintiffs filed a complaint with the U.S. International Trade Commission ("ITC")
26 against Realtek and numerous other respondents. The ITC instituted an investigation based on that
27 complaint on April 11, 2012, USITC Inv. No. 337-TA-837. The complaint, among other things,
28 alleged that Realtek had infringed the Patents.

22. On May 24, 2012, Realtek sent a letter to LSI requesting RAND license terms for the Patents.

23. On June 20, 2012, LSI provided a good-faith proposal to Realtek entitled "LSI RAND License: WLAN" that indicated it "summarizes high-level terms of a potential patent license agreement" that was "for initial discussion purposes only." The proposal provided preferred licensing terms and made suggestions on other possible terms and license structure. The purpose of the proposal was to enter into licensing discussions with Realtek to determine the type of license it was seeking and what the exact terms of the license should be.

24. On June 29, 2012, Realtek filed suit against the Counterclaim Plaintiffs for breach of contract, promissory estoppel, declaratory judgment, and unfair competition.

25. Counterclaim Plaintiffs' licensing proposal to Realtek was made in good faith.

26. Prior to filing suit on June 29, 2012, Realtek did not respond to or discuss with LSI the June 20, 2012 proposal.

27. Realtek's refusal to engage in a discussion of the appropriate RAND license terms constituted a rejection and repudiation of the benefits of a RAND license. Realtek's premature filing of this lawsuit constitutes a further rejection and repudiation of the benefits of a RAND license.

28. To date, Realtek continues to implement the 802.11 standard in its products and cause them to be imported into the United States.

29. To date, Realtek has not agreed to pay a RAND license even if determined by this Court.

## FIRST COUNTERCLAIM

**(Declaratory Judgment that Counterclaim Plaintiffs Have Complied With Any RAND Commitments Owed to Realtek)**

30. Defendants incorporate by reference as if fully set forth herein the allegations contained in the foregoing paragraphs of these Counterclaims.

31. Prior to Realtek's suit, LSI sent a license proposal to Realtek in good faith in order to begin the discussion of exact terms to a RAND license. In that proposal, LSI provided its preferred

1  terms but also offered other licensing scenarios depending on the type of license Realtek was
2  seeking.

3      32.     LSI's proposal and even the specific preferred terms complied with any RAND
4  commitments that Counterclaim Plaintiffs owed to Realtek.

5      33.     Counterclaim Plaintiffs have complied with any RAND commitments they owed to
6  Realtek by, among other things, offering to discuss the terms of a RAND license even though
7  Realtek had refused to discuss the terms of a license when contacted previously and had refused to
8  apply for or request a license until a suit for infringement of the Patents was brought by
9  Counterclaim Plaintiffs.

10     34.     The Counterclaim Plaintiffs request a declaration that they have fully complied with
11 and discharged any RAND obligation they owed Realtek.

12     35.     The Court's equitable powers are hereby invoked by this Counterclaim, and
13 Counterclaim Plaintiffs request that the Court consider such other relief, equitable or otherwise, as it
14 may find appropriate at the time judgment is entered in favor of Counterclaim Plaintiffs.

15 **SECOND COUNTERCLAIM**

16 **(Declaratory Judgment That Realtek Has Repudiated and/or Rejected the Benefits of Counterclaim Plaintiffs RAND Commitments)**
17

18     36.     Counterclaim Plaintiffs incorporate by reference as if fully set forth herein the
19 allegations contained in the foregoing paragraphs of these Counterclaims.

20     37.     As a result of Agere's Letters of Assurance, RAND licenses to the patents are made
21 available on the condition precedent that prospective implementers of the 802.11 standard upon
22 request for such a license and the discussion and negotiation of such a license.

23     38.     Counterclaim Plaintiffs have complied with any RAND commitments that it owed to
24 Realtek by, among other things, offering to discuss the terms of a RAND license even though
25 Realtek had refused to discuss the terms of a license when contacted previously and had refused to
26 apply for or request a license until a suit for infringement of the Patents was brought by
27 Counterclaim Plaintiffs.

28     39.     Realtek has repudiated and/or rejected any rights and benefits it may have had due to

1  Agere's RAND commitments by, among other things: failing to engage in good faith negotiations
2  and discussions of the terms of a RAND license, failing to accept LSI's offer to discuss the terms
3  and licensing scenarios for the RAND license it was seeking, failing to request a license once it
4  decided to implement the 802.11 standard in its products, failing to engage in good faith
5  negotiations for a RAND license, failing to commit to paying RAND compensation even if found to
6  infringe and even if the terms of a RAND license are determined by this Court, and bringing suit in
7  the present action in response to LSI's proposal.

8  40. Realtek's conduct constitutes a breach of any contract it has formed with
9  Counterclaim Plaintiffs as an alleged third-party beneficiary of Agere's Letters of Assurance to the
10 IEEE.

11 41. Counterclaim Plaintiffs seek a declaration that by claiming the benefit of Agere's
12 RAND commitments while refusing to undertake any of the obligations, Realtek is an unwilling
13 licensee that has, based on the facts of this case, repudiated and/or rejected any rights associated
14 with Counterclaim Plaintiffs' RAND commitments, breached Realtek's alleged contract with
15 Counterclaim Plaintiffs and/or the IEEE, and failed to satisfy the conditions precedent to any
16 obligation that it was owed with respect to any such right to a RAND license.

17 42. Counterclaim Plaintiffs seek a declaration that they are entitled to seek an injunction
18 and/or exclusion order that prevents Realtek from importing, making, using, selling, or offering to
19 sell products and services embodying the claimed invention of the Patents.

20 43. The Court's equitable powers are hereby invoked by this Counterclaim, and
21 Counterclaim Plaintiffs request that the Court consider such other relief, equitable or otherwise, as it
22 may find appropriate at the time judgment is entered in favor of Defendants.

23 **COUNTERCLAIM-PLAINTIFF'S PRAYER FOR RELIEF**

24 Wherefore, LSI and Agere respectfully request that the Court enter a judgment:

25 A. The Counterclaim Plaintiffs have complied with any and all obligations to Realtek
26    with respect to Agere's Letters of Assurance to the IEEE relating to the 802.11
27    standard;

28 B. That Realtek has repudiated and/or rejected any right to a RAND license under the

Patents;

C. Counterclaim Plaintiffs have a right to seek an injunction and/or exclusion order for Realtek's infringement of the Patents;

D. Awarding Counterclaim Plaintiffs all costs of suit; and

E. Awarding Counterclaim Plaintiffs such other and further relief as this Court deems just and proper.

Dated: October 24, 2012                Respectfully submitted,

                                       KILPATRICK TOWNSEND & STOCKTON LLP

                                       By: /s/ *Robert J. Artuz*
                                           David E. Sipiora
                                           Robert J. Artuz
                                           Charles A. Pannell, III

                                       Attorneys for Defendants
                                       LSI CORPORATION and
                                       AGERE SYSTEMS LLC