# EXHIBIT R

1  KILPATRICK TOWNSEND & STOCKTON LLP
   DAVID E. SIPIORA (State Bar No. 124951)
2  1400 Wewatta Street, Suite 600
3  Denver, CO 80202-5556
   Telephone: (303) 571-4000
4  Facsimile: (303) 571-4321
   Email:   dsipiora@kilpatricktownsend.com
5
   KILPATRICK TOWNSEND & STOCKTON LLP
6  ROBERT J. ARTUZ (State Bar No. 227789)
   1080 Marsh Road
7  Menlo Park, CA 94025
8  Telephone: (650) 326-2400
   Facsimile: (650) 326-2422
9  Email:   rartuz@kilpatricktownsend.com

10 KILPATRICK TOWNSEND & STOCKTON LLP
   CHARLES A. PANNELL, III (*pro hac vice*)
11 1100 Peachtree Street, NE
   Atlanta, GA 30309
12 Telephone: (404) 745-2494
   Facsimile: (404) 541-4668
13 Email:   cpannell@kilpatricktownsend.com

14
15 Attorneys for Defendants
   LSI CORPORATION and AGERE SYSTEMS LLC
16

17                     UNITED STATES DISTRICT COURT
18                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
19                              SAN JOSE DIVISION

20 | REALTEK SEMICONDUCTOR | Case No. C 12-03451 RMW |
   | CORPORATION, | |
21 | | **DEFENDANTS LSI CORPORATION** |
22 | Plaintiff, | **AND AGERE SYSTEMS LLC'S** |
   | | **RESPONSE TO FIRST REQUEST FOR** |
23 | v. | **ADMISSIONS (NOS. 1-12)** |
24 | LSI CORPORATION, et al., | |
25 | Defendant. | |
26

27
28

LSI AND AGERE'S RESPONSE TO FIRST REQUESTS FOR ADMISSIONS
CASE NO. C 12-03451 RMW

TO PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION AND ITS COUNSEL OF RECORD:

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants LSI Corporation ("LSI") and Agere Systems LLC ("Agere"), collectively ("the LSI Defendants") respond to Plaintiff Realtek Semiconductor Corporation's ("Realtek") First Set of Requests for Admissions (Nos. 1-12) (the "Requests"), stating as follows:

## GENERAL OBJECTIONS

1. The following general objections apply to each request and, accordingly, the LSI Defendants incorporate each of these general objections into the specific responses set forth below. The assertion of the same or additional objections in any particular response to a request does not waive other general objections set forth herein.

2. The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any statement or document or part thereof from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. The following responses are based on information and documents available to the LSI Defendants as of the date of service. Discovery is continuing in this case, and accordingly the responses are subject to change. The LSI Defendants reserve the right to change, amend, or supplement the responses herein as permitted by the applicable rules. The responses contained herein are made in a good faith effort to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure, but are in no way deemed to be to the prejudice of the LSI Defendants in relation to further discovery, research, and analysis.

4. The LSI Defendants object to the Requests to the extent they purport to impose on LSI obligations that are inconsistent and/or premature with or under the Federal Rules of Civil Procedure, any Local Rules or Orders of the U.S. District Court for the Northern District of California, and any agreements between the parties.

5. The LSI Defendants object to the Requests to the extent they seek documents or

1  information protected by the attorney-client privilege, the attorney work product doctrine, the joint
2  defense/common interest privilege, and/or any other applicable privilege. Such documents or
3  information shall not be produced in response to the Requests, and any inadvertent production
4  thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine
5  that may attach thereto.

6        6.      The LSI Defendants object to the Requests to the extent they are unduly
7  burdensome, overbroad, vague, ambiguous, duplicative, irrelevant not reasonably calculated to
8  lead to the discovery of admissible evidence, and lacking specificity as to time frame and/or
9  geographical scope.

10        7.      The LSI Defendants object to the Requests to the extent they seek information that
11  is just as or more readily available to Realtek.

12        8.      The LSI Defendants object to the Requests to the extent they demand information
13  not reasonably believed to be in possession of the LSI Defendants.

14        9.      The LSI Defendants object to Realtek's definition of "Defendant," "LSI/Agere,"
15  "LSI," "Agere," "You," and "Your" to the extent the definition seeks to impose on the LSI
16  Defendants duties or obligations which exceed or are inconsistent with those imposed by the
17  Federal Rules of Civil Procedure by including within these definitions persons and entities that are
18  separate and independent from LSI.

19        10.      The LSI Defendants object to the definition of "Realtek" on the basis it is
20  overbroad, vague and ambiguous.

21        11.      The LSI Defendants object to the use of the word "all" or "any" as overbroad and
22  unduly burdensome to the extent it seeks information that is not reasonably accessible to the LSI
23  Defendants, is not with the possession or control of the LSI Defendants, would be unnecessarily
24  duplicative and cumulative, and can be obtained from a more convenient source.

25        12.      LSI objects to Realtek's definition of "Documents" to the extent it is inconsistent
26  with and broader in scope than the obligations imposed by Fed. R. Civ. P. 34.

27        13.      The LSI Defendants object to the definition of "Alleged Essential Patents" to the
28  extent it is overbroad, unduly burdensome and seeks information that is not relevant to this action

or not reasonably calculated to lead to the discovery of admissible evidence. The LSI Defendants understand the term Alleged Essential Patents to be U.S. Patent Nos. 6,452,958 and 6,707,867 and the provisional or non-provisional U.S. applications upon which their issuance was based.

14. The LSI Defendants object to the Requests, and the instructions and definitions that accompany them, to the extent they purport to require the production of proprietary and confidential information of any third parties to whom LSI may be under obligations of confidentiality without adequately protecting that information.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that LSI/Agere's January 24, 2003 Letter of Assurance to the IEEE-SA "provide the terms and conditions under which they are willing to grant licenses" [Dkt. No. 44 p. 11 ] to the alleged essential patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the quotation in this Request as vague and ambiguous to the extent it is attempting to read and apply the quote out of context. Specifically, it is unclear whether the word "they" is being read to mean LSI/Agere or the "IEEE members" the quote is referring to. Further, the term "terms and conditions" are vague and ambiguous because Realtek fails to define the term. The LSI Defendants further object to the term "LSI/Agere's January 24, 2003 Letter of Assurance to the IEEE-SA" as vague and ambiguous and clarifies that the document referred to is the same documents attached as pages 1-2 of Exhibit A to Realtek's Complaint in this litigation.

Subject to the foregoing objections, the LSI Defendants respond as follows:

The LSI Defendants deny that the January 24, 2003 Letter of Assurance provides any specific terms and conditions for a license (e.g., rates, fees, royalty base, or material licensing terms) with respect to any patent.

The LSI Defendants admit that the January 24, 2003 Letter of Assurance indicates Agere Systems Inc. "will make available on a non-exclusive basis, under reasonable terms and

LSI AND AGERE'S RESPONSE TO FIRST REQUESTS FOR ADMISSIONS
CASE NO. C 12-03451 RMW                                                        3

1 conditions that are nondiscriminatory, licenses to patents and patent applications owned by
2 Agere to the extent required to practice the IEEE 802.11g standard, subject to receipt by Agere
3 of reciprocal licenses from the licensee."

4 Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that LSI/Agere's September 4, 2003 Letter of Assurance to the IEEE-SA "provide the terms and conditions under which they are willing to grant licenses" [Dkt. No. 44 p. 11 ] to the alleged essential patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the quotation in this Request as vague and ambiguous to the extent it is attempting to read and apply the quote out of context. Specifically, it is unclear whether the word "they" is being read to mean LSI/Agere or the "IEEE members" the quote is referring to. Further, the term "terms and conditions" are vague and ambiguous because Realtek fails to define the term. The LSI Defendants further object to the term "LSI/Agere's January 24, 2003 Letter of Assurance to the IEEE-SA" as vague and ambiguous and clarifies that the document referred to is the same documents attached as pages 3-4 of Exhibit A to Realtek's Complaint in this litigation.

Subject to the foregoing objections, the LSI Defendants respond as follows:

The LSI Defendants deny that the September 4, 2003 Letter of Assurance provides any specific terms and conditions for a license (e.g., rates, fees, royalty base, or material licensing terms) to any patent.

The LSI Defendants admit that the September 4, 2003 Letter of Assurance indicates Agere Systems Inc. "will make available on a non-exclusive basis, under reasonable terms and conditions that are nondiscriminatory, licenses to patents and patent applications owned by Agere to the extent required to practice the IEEE 802.11e standard, subject to receipt by Agere of reciprocal licenses from the licensee."

Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that LSI/Agere's March 7, 2012 letter to Realtek did not contain an offer to license the alleged essential patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the Request as vague and ambiguous to the extent it calls for legal conclusions regarding what an "offer" constitutes. The LSI Defendants further object to the term "LSI/Agere's March 7, 2012 letter" as vague and ambiguous and clarifies that it understands this to be the March 7, 2012 letter from Warren K. Waskiewicz to Realtek's legal department.

Subject to the foregoing objections, the LSI Defendants respond as follows:

The LSI Defendants admit that the March 7, 2012 letter did not contain a legally binding offer to license any patent that was sufficiently definite and certain that Realtek could assent to it.

The LSI Defendants deny any allegation or reading of this request that suggests the March 7, 2012 letter indicated a refusal or unwillingness on the part of the LSI Defendants to discuss, negotiate, offer, make available, or grant a license to the alleged essential patents on reasonable and non-discriminatory terms.

Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that LSI/Agere's March 7, 2012 letter to Realtek did not contain an invitation to negotiate a license to the alleged essential patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the Request as vague and ambiguous with regard to the term "contain an invitation to negotiate a license." The LSI Defendants further object to the term

1  "LSI/Agere's March 7, 2012 letter" as vague and ambiguous and clarifies that it understands
2  this to be the March 7, 2012 letter from Warren K. Waskiewicz to Realtek's legal department.
3      Subject to the foregoing objections, the LSI Defendants respond as follows:
4      The LSI Defendants admit that the March 7, 2012 letter did not explicitly contain an
5  invitation to negotiate a license to any patent.
6      The LSI Defendants deny any allegation or reading of this request that suggests the
7  March 7, 2012 letter indicated a refusal or unwillingness on the part of the LSI Defendants to
8  discuss, negotiate, offer, make available, or grant a license to the alleged essential patents on
9  reasonable and non-discriminatory terms.
10      Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that LSI/Agere is contractually obligated to offer Realtek a license to the alleged essential patents "on a worldwide non-discriminatory basis and on reasonable terms and conditions."

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the quotation in this Request as vague and ambiguous to the extent it is attempting to read and apply the quote out of context and has failed to identify its source. The LSI Defendants object to the Request as vague, ambiguous, and premature to the extent it seeks legal conclusions and contentions. Specifically, it is unclear how Realtek is using the terms "contractually obligated," "offer," and "license." Further, it is unclear the scope of the "license" or timing of the "offer" referenced.

    Subject to the foregoing objections, the LSI Defendants respond as follows:

Deny

1 **REQUEST FOR ADMISSION NO. 6:**

2     Admit that LSI/Agere's June 20, 2012 proposal to Realtek was a response to Realtek's
3 written request that LSI/Agere provide Realtek with RAND license terms for the alleged
4 essential patents.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

6     The LSI Defendants incorporate by reference each of their General Objections. The
7 LSI Defendants further object to the term "response" as vague and ambiguous. The LSI
8 Defendants further object to the term "LSI/Agere's June 20, 2012 proposal" as vague and
9 ambiguous and clarifies that it understands this to be the June 20, 2012 email and attachment
10 sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal for WLAN. The LSI
11 Defendants further object to the term "Realtek's written request" as vague and ambiguous.

12     Subject to the foregoing objections, the LSI Defendants respond as follows:

13     The LSI Defendants admit that the June 20, 2012 proposal was sent as the result of
14 several communications by email, telephone, and letter between Steven S. Baik and LSI
15 employees.

16     Except as admitted, the LSI Defendants deny this Request.

17

18 **REQUEST FOR ADMISSION NO. 7:**

19     Admit that LSI/Agere's June 20, 2012 proposal contained an offer to license the alleged
20 essential patents.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

22     The LSI Defendants incorporate by reference each of their General Objections. The
23 LSI Defendants object to the Request as vague and ambiguous regarding what an "offer to
24 license" constitutes. The LSI Defendants further object to the term "LSI/Agere's June 20, 2012
25 proposal" as vague and ambiguous and clarifies that it understands this to be the June 20, 2012
26 email and attachment sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal
27 for WLAN.

28     Subject to the foregoing objections, the LSI Defendants respond as follows:

1    The LSI Defendants deny that the June 20, 2012 proposal contained a legally binding
2  offer to license any patent that was sufficiently definite and certain that Realtek could assent to
3  it.

4    LSI admits that the June 20, 2012 proposal contains a proposal that indicates LSI will
5  make available on a non-exclusive basis, under reasonable terms and conditions that are
6  nondiscriminatory, licenses to patents and patent applications owned by LSI to the extent
7  required to practice the IEEE 802.11 standard, subject to receipt by LSI of reciprocal licenses
8  from the licensee.

9    Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that LSI/Agere's June 20, 2012 proposal did not contain an offer to license the alleged essential patents on reasonable terms and conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the Request as vague and ambiguous regarding what an "offer to license" constitutes and what are "reasonable terms and conditions." The LSI Defendants further object to the term "LSI/Agere's June 20, 2012 proposal" as vague and ambiguous and clarifies that it understands this to be the June 20, 2012 email and attachment sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal for WLAN.

Subject to the foregoing objections, the LSI Defendants respond as follows:

The LSI Defendants admit that the June 20, 2012 proposal did not contain a legally binding offer to license any patent that was sufficiently definite and certain that Realtek could assent to it.

LSI admits that the June 20, 2012 proposal contains a proposal that indicates LSI will make available on a non-exclusive basis, under reasonable terms and conditions that are nondiscriminatory, licenses to patents and patent applications owned by LSI to the extent

required to practice the IEEE 802.11 standard, subject to receipt by LSI of reciprocal licenses from the licensee.

Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that LSI/Agere's June 20, 2012 proposal did not contain an offer to license the alleged essential patents on a non-discriminatory basis.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the Request as vague and ambiguous regarding what an "offer to license" constitutes and what is a "non-discriminatory basis." The LSI Defendants further object to the term "LSI/Agere's June 20, 2012 proposal" as vague and ambiguous and clarifies that it understands this to be the June 20, 2012 email and attachment sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal for WLAN.

Subject to the foregoing objections, the LSI Defendants respond as follows:

The LSI Defendants admit that the June 20, 2012 proposal did not contain a legally binding offer to license any patent that was sufficiently definite and certain that Realtek could assent to it.

LSI admits that the June 20, 2012 proposal contains a proposal that indicates LSI will make available on a non-exclusive basis, under reasonable terms and conditions that are nondiscriminatory, licenses to patents and patent applications owned by LSI to the extent required to practice the IEEE 802.11 standard, subject to receipt by LSI of reciprocal licenses from the licensee.

Except as admitted, the LSI Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, under LSI/Agere's June 20, 2012 proposal to Realtek, Realtek would be required to pay LSI/Agere a royalty amount based on the average selling price of downstream for "full rights" as a licensee of the alleged essential patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the Request as vague and ambiguous regarding what "under LSI/Agere's June 20, 2012 proposal" constitutes, what "required to pay" constitutes, what the term "downstream" refers to, and the meaning and scope of "full rights." The LSI Defendants object to the quotation in this Request as vague and ambiguous to the extent the source is not identified and it is attempting to read and apply the quote out of context. The LSI Defendants further object to the term "LSI/Agere's June 20, 2012 proposal" as vague and ambiguous and clarifies that it understands this to be the June 20, 2012 email and attachment sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal for WLAN.

Subject to the foregoing objections, the LSI Defendants respond that the vague and ambiguous language used herein make it impossible for the LSI Defendants to admit or deny the request and therefore denies it on that basis. The LSI Defendants invite Realtek to clarify its Request so that it may be able to respond.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, under LSI/Agere's June 20, 2012 proposal to Realtek, Realtek would be required to provide LSI/Agere with "certified and detailed reports" of all "Finished End Consumer or Enterprise Products which implement WLAN functionality" sold worldwide, including "type, quantity and ASP" in each calendar quarter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the Request as vague and ambiguous regarding what "under LSI/Agere's June 20, 2012 proposal" constitutes, what "required to provide" constitutes, what

1 the term "downstream" refers to, and the meaning and scope of "full rights." The LSI
2 Defendants object to the quotations in this Request as vague and ambiguous to the extent the
3 source is not identified and it is attempting to read and apply the quote out of context. The LSI
4 Defendants further object to the term "LSI/Agere's June 20, 2012 proposal" as vague and
5 ambiguous and clarifies that it understands this to be the June 20, 2012 email and attachment
6 sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal for WLAN.

7 Subject to the foregoing objections, the LSI Defendants respond as follows:

8 The LSI Defendants admit that the June 20, 2012 proposal to Realtek proposed several
9 licensing scenarios, including a scenario where royalties would be based upon certified detailed
10 reports of all licensed products sold worldwide that included type quantity and average selling
11 price in each quarter.

12 Except as admitted, the LSI Defendants deny this Request.

13 **REQUEST FOR ADMISSION NO. 12:**

14 Admit that LSI/Agere has not changed the terms of the June 20, 2012 proposal to
15 Realtek at any time since then.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

17 The LSI Defendants incorporate by reference each of their General Objections. The
18 LSI Defendants object to the Request as vague and ambiguous regarding what "changed the
19 terms" constitutes. The LSI Defendants further object to the term "LSI/Agere's June 20, 2012
20 proposal" as vague and ambiguous and clarifies that it understands this to be the June 20, 2012
21 email and attachment sent from Ryan Phillips to Steven S. Baik regarding LSI RAND Proposal
22 for WLAN.

23 Subject to the foregoing objections, the LSI Defendants respond as follows:

24 The LSI Defendants admit that they have not changed the text of the June 20, 2012
25 proposal. Since June 20, 2012, however, LSI has engaged in settlement discussions with
26 Realtek regarding a potential license to the alleged essential patents.

27 Except as admitted, the LSI Defendants deny this Request

28

1  KILPATRICK TOWNSEND & STOCKTON LLP

2  Dated: December 31, 2012

3  By: /s/ *Charles A. Pannell, III*
   David E. Sipiora
4  Robert J. Artuz
   Charles A. Pannell, III

5

6  Attorneys for Defendants
   LSI CORPORATION and
7  AGERE SYSTEMS LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause. My business address is 1080 Marsh Road, Menlo Park, California 94025.

2. On December 31, 2012 I served the attached document titled

**DEFENDANTS LSI CORPORATION AND AGERE SYSTEMS LLC'S RESPONSE TO FIRST REQUEST FOR ADMISSIONS (NOS. 1-12)**

by transmitting a true and accurate copy of said document to the parties indicated below at the email addresses listed, based on an agreement of the parties to accept service by electronic transmission.

| *VIA EMAIL* | *VIA EMAIL* |
|---|---|
| Steven S. Baik<br>Carina Maria Tan<br>Reed Smith LLP<br>1510 Page Mill Road, Suite 110<br>Palo Alto, CA 94304<br><br>Email: rszz-RealtekRAND@ReedSmith.com | Scott D. Baker<br>William R. Overend<br>James A. Daire<br>Adrian Sue Shin<br>Reed Smith LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659<br><br>Email: rszz-RealtekRAND@ReedSmith.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of December, 2012, at Menlo Park, California.

By: */s/ C. Daniel Treviño*
      C. Daniel Treviño

64735741V.2