# EXHIBIT T

|   |   |
|---|---|
| 1 | KILPATRICK TOWNSEND & STOCKTON LLP |
| 2 | DAVID E. SIPIORA (State Bar No. 124951)<br>1400 Wewatta Street, Suite 600 |
| 3 | Denver, CO 80202-5556<br>Telephone:  (303) 571-4000 |
| 4 | Facsimile:  (303) 571-4321<br>Email:   *dsipiora@kilpatricktownsend.com* |
| 5 |   |
| 6 | KILPATRICK TOWNSEND & STOCKTON LLP<br>ROBERT J. ARTUZ (State Bar No. 227789) |
| 7 | 1080 Marsh Road<br>Menlo Park, CA 94025 |
| 8 | Telephone:  (650) 326-2400<br>Facsimile:  (650) 326-2422 |
| 9 | Email:   *rartuz@kilpatricktownsend.com* |
| 10 | KILPATRICK TOWNSEND & STOCKTON LLP |
| 11 | CHARLES A. PANNELL, III (*pro hac vice*)<br>1100 Peachtree Street, NE |
| 12 | Atlanta, GA 30309<br>Telephone:  (404) 745-2494 |
| 13 | Facsimile:  (404) 541-4668<br>Email:   *cpannell@kilpatricktownsend.com* |
| 14 |   |
| 15 | Attorneys for Defendants<br>LSI CORPORATION and AGERE SYSTEMS LLC |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| REALTEK SEMICONDUCTOR CORPORATION, | Case No. C 12-03451 RMW |
|---|---|
| Plaintiff, | **DEFENDANTS LSI CORPORATION AND AGERE SYSTEMS LLC'S RESPONSE TO SECOND SET OF REQUESTS FOR ADMISSIONS (NO. 13)** |
| v. |   |
| LSI CORPORATION, et al., |   |
| Defendant. |   |

LSI AND AGERE'S RESPONSE TO SECOND REQUEST FOR ADMISSIONS
CASE NO. C 12-03451 RMW

1  TO PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION AND ITS
2  COUNSEL OF RECORD:

3     Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants LSI
4  Corporation ("LSI") and Agere Systems LLC ("Agere"), collectively ("the LSI Defendants")
5  respond to Plaintiff Realtek Semiconductor Corporation's ("Realtek") Second Set of Requests for
6  Admissions (No. 13) (the "Requests"), stating as follows:

## GENERAL OBJECTIONS

7

8     1.    The following general objections apply to each request and, accordingly, the LSI
9  Defendants incorporate each of these general objections into the specific responses set forth
10 below. The assertion of the same or additional objections in any particular response to a request
11 does not waive other general objections set forth herein.

12     2.    The following responses are made solely for the purpose of this action and are
13 subject to all objections to competence, authenticity, relevance, materiality, propriety,
14 admissibility, and any and all other objections and grounds which would or could require or
15 permit the exclusion of any statement or document or part thereof from evidence, all of which
16 objections and grounds are reserved and may be interposed at the time of trial.

17     3.    The following responses are based on information and documents available to the
18 LSI Defendants as of the date of service. Discovery is continuing in this case, and accordingly the
19 responses are subject to change. The LSI Defendants reserve the right to change, amend, or
20 supplement the responses herein as permitted by the applicable rules. The responses contained
21 herein are made in a good faith effort to comply with the provisions of Rule 36 of the Federal
22 Rules of Civil Procedure, but are in no way deemed to be to the prejudice of the LSI Defendants in
23 relation to further discovery, research, and analysis.

24     4.    The LSI Defendants object to the Requests to the extent they purport to impose on
25 LSI obligations that are inconsistent and/or premature with or under the Federal Rules of Civil
26 Procedure, any Local Rules or Orders of the U.S. District Court for the Northern District of
27 California, and any agreements between the parties.

28     5.    The LSI Defendants object to the Requests to the extent they seek documents or

1  information protected by the attorney-client privilege, the attorney work product doctrine, the joint
2  defense/common interest privilege, and/or any other applicable privilege. Such documents or
3  information shall not be produced in response to the Requests, and any inadvertent production
4  thereof shall not be deemed a waiver of any privilege or protection by the work product doctrine
5  that may attach thereto.

6       6.     The LSI Defendants object to the Requests to the extent they are unduly
7  burdensome, overbroad, vague, ambiguous, duplicative, irrelevant not reasonably calculated to
8  lead to the discovery of admissible evidence, and lacking specificity as to time frame and/or
9  geographical scope.

10      7.     The LSI Defendants object to the Requests to the extent they seek information that
11  is just as or more readily available to Realtek.

12      8.     The LSI Defendants object to the Requests to the extent they demand information
13  not reasonably believed to be in possession of the LSI Defendants.

14      9.     The LSI Defendants object to Realtek's definition of "Defendant," "LSI/Agere,"
15  "LSI," "Agere," "You," and "Your" to the extent the definition seeks to impose on the LSI
16  Defendants duties or obligations which exceed or are inconsistent with those imposed by the
17  Federal Rules of Civil Procedure by including within these definitions persons and entities that are
18  separate and independent from LSI.

19      10.    The LSI Defendants object to the definition of "Realtek" on the basis it is
20  overbroad, vague and ambiguous.

21      11.    The LSI Defendants object to the use of the word "all" or "any" as overbroad and
22  unduly burdensome to the extent it seeks information that is not reasonably accessible to the LSI
23  Defendants, is not with the possession or control of the LSI Defendants, would be unnecessarily
24  duplicative and cumulative, and can be obtained from a more convenient source.

25      12.    LSI objects to Realtek's definition of "Documents" to the extent it is inconsistent
26  with and broader in scope than the obligations imposed by Fed. R. Civ. P. 34.

27      13.    The LSI Defendants object to the definition of "Alleged Essential Patents" to the
28  extent it is overbroad, unduly burdensome and seeks information that is not relevant to this action

1    or not reasonably calculated to lead to the discovery of admissible evidence. The LSI Defendants
2    understand the term Alleged Essential Patents to be U.S. Patent Nos. 6,452,958 and 6,707,867 and
3    the provisional or non-provisional U.S. applications upon which their issuance was based.
4        14.    The LSI Defendants object to the Requests, and the instructions and definitions that
5    accompany them, to the extent they purport to require the production of proprietary and
6    confidential information of any third parties to whom LSI may be under obligations of
7    confidentiality without adequately protecting that information.

## REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 13:**

Admit that LSI/Agere does not make, use, offer to sell, or sell any wifi-interoperable products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

The LSI Defendants incorporate by reference each of their General Objections. The LSI Defendants object to the term "wifi-interoperable" as vague and ambiguous and understands the term to mean a product that is compatible with the Institute of Electrical and Electronics Engineer (IEEE)'s 802.11 standard.

Subject to the foregoing objections, the LSI Defendants respond as follows:

The LSI Defendants admit that they do not currently make, offer to sell, or sell any products compatible with the IEEE 802.11 standard. LSI Defendants use numerous devices compliant with the IEEE 802.11 standard in laptops, smartphones, printers and potentially other devices.

1   Except as admitted, the LSI Defendants deny this Request

3                                KILPATRICK TOWNSEND & STOCKTON LLP

4   Dated: January 31, 2012

                                 By: /s/ *Charles A. Pannell, III*
5                                    David E. Sipiora
                                     Robert J. Artuz
6                                    Charles A. Pannell, III

7                                Attorneys for Defendants
                                 LSI CORPORATION and
8                                AGERE SYSTEMS LLC

**CERTIFICATE OF SERVICE**

I hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause. My business address is 1080 Marsh Road, Menlo Park, California 94025.

2. On January 31, 2013 I served the attached document titled

**DEFENDANTS LSI CORPORATION AND AGERE SYSTEMS LLC'S RESPONSE TO SECOND SET OF REQUESTS FOR ADMISSIONS (NO. 13)**

by transmitting a true and accurate copy of said document to the parties indicated below at the email addresses listed, based on an agreement of the parties to accept service by electronic transmission.

| *VIA EMAIL* | *VIA EMAIL* |
|---|---|
| Steven S. Baik<br>Carina Maria Tan<br>Reed Smith LLP<br>1510 Page Mill Road, Suite 110<br>Palo Alto, CA 94304<br><br>Email: rszz-RealtekRAND@ReedSmith.com | Scott D. Baker<br>William R. Overend<br>James A. Daire<br>Adrian Sue Shin<br>Reed Smith LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659<br><br>Email: rszz-RealtekRAND@ReedSmith.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of January, 2013, at Menlo Park, California.

By: */s/ Ana Morjig*
    Ana Morjig

64823642V.2

LSI AND AGERE'S RESPONSE TO SECOND REQUEST FOR ADMISSIONS
CASE NO. C 12-03451 RMW