**E-FILED on** 4/30/13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

REALTEK SMICONDUCTOR CORPORATION,

Plaintiff,

v.

LSI CORPORATION, et al.,

Defendants.

No. C-12-03451 RMW

**ORDER DENYING REQUESTS FOR ORDERS PERMITTING THE FILING UNDER SEAL OF DEFENDANTS' MOTION TO STAY AND EXHIBITS THERETO AND DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY AND EXHIBITS THERETO**

[Re: Dkt. Nos. 71, 84]

Defendants LSI Corporation and Agere Systems LLC (collectively "defendants") submitted a request to file under seal: (1) designated portions of their Motion to Stay and the entirety of Exhibits A, D, E, G and K to the Declaration of Charles A. Panell, III ("Panell Declaration") in support thereof; and (2) designated portions of their Reply in Support of their Motion to Stay and the entirety of Exhibits A and B to the Panell Declaration in Support thereof. The defendants' request is based on the plaintiff's designation of the material as "Confidential and/or Highly Confidential –

Attorneys' Eyes Only" under the terms of the Protective Order. Sealing Mot. re: Motion to Stay 2, Dkt. No. 71; Sealing Mot. re: Reply in Support of Mot. to Stay 2, Dkt. No. 84.

Under the local rule, however, "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal" for that reason alone. Civ. L.R. 79-5(a). Having reviewed the designated documents and portions thereof, the court does not believe that they are in fact "privileged or protectable as a trade secret or otherwise entitled to protection under the law." *Id.* Moreover, plaintiff has failed to file the required statement under Civil Local Rule 79-5(d), which requires the designating party, within seven days of the moving party's sealing request, to "file with the Court and serve a declaration establishing that the designated information is sealable, and [the designating party] must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. *If the designated party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record*." *Id.* 79-5(d) (emphasis added).

In the event the plaintiff's failure to file the requisite responsive declaration was inadvertent, the court gives plaintiff until April 7, 2013 to file a narrowly tailored proposed sealing order indicating why the designated documents or portions thereof are in fact "privileged or protectable as a trade secret or otherwise entitled to protection under the law." *Id.* 79-5(a). Otherwise, the proposed filings will be made part of the public record.

DATED: April 30, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING REQUESTS FOR ORDERS PERMITTING THE FILING UNDER SEAL OF DEFENDANTS' MOTION TO STAY AND EXHIBITS THERETO AND DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY AND EXHIBITS THERETO—No. C-12-03451 RMW
ALG
2