**E-FILED on** 5/1/13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION, et al.,<br><br>Defendants. | No. C-12-03451 RMW<br><br>**AMENDED ORDER DENYING REQUEST FOR AN ORDER PERMITTING THE FILING UNDER SEAL OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND EXHIBITS THERETO**<br><br>[Re: Dkt. No. 76] |

    Defendants LSI Corporation and Agere Systems LLC (collectively "defendants") submitted a request to file under seal designated portions of their Opposition to Plaintiff's Motion for Partial Summary Judgment and the entirety of Exhibits 1, 5, 6 and 7 to the Declaration of Charles A. Pannel, III, in support of the motion. Defendants' basis for the sealing request is that plaintiff's counsel designated the documents as "Confidential and/or Highly Confidential – Attorneys' Eyes Only" under the terms of the Protective Order. Sealing Mot. 2, Dkt. No. 76. The defendants further assert: "[T]hese documents . . . discuss a high-level RAND licensing proposal. The contents of the

*United States District Court*
*For the Northern District of California*

1  proposal are highly confidential and thus the documents are subject of a non-disclosure agreement
2  signed by Realtek and LSI on June 14, 2012." Mot. 2, Dkt. No. 76.

3      Having thoroughly reviewed the documents, the court finds that they do not contain any
4  information that is "privileged or protectable as a trade secret or otherwise entitled to protection
5  under the law." Civ. L.R. 79-5(a). Under the local rules, "[a] stipulation, or a blanket protective
6  order that allows a party to designate documents as sealable, will not suffice to allow the filing of
7  documents under seal" for that reason alone. *Id.*

8      Exhibit 1, which relates to Realtek's sales and current or potential loss of market share is not
9  a trade secret or otherwise privileged.

10     Exhibit 5 does not contain any confidential terms of a licensing proposal. Rather, the
11 document merely establishes that LSI communicated with Realtek and offered a "WLAN RAND"
12 proposal to Realtek in June 2012.

13     With respect to Exhibit 6, no figures are listed here so it is hard to see why the document
14 should be kept confidential. The court is not persuaded that the amount of a RAND license should
15 be kept confidential in any event. Moreover, the statements of LSI's Vice President of Licensing
16 regarding his personal opinions of the ITC litigation do not seem to be subject to any attorney client
17 privilege.

18     Exhibit 7 simply discloses Realtek's position regarding defendants' RAND licensing
19 obligation and its willingness to take a RAND license. Nothing contained therein is a trade secret or
20 otherwise privileged.

21     Unless the designating party files an amended, narrowly-tailored proposed sealing order
22 specifically identifying the privileged materials and the reason therefore, on or before ~~April 7, 2013~~ **May 8, 2013**,
23 the proposed filings will be made part of the public record.

25 DATED: May 1, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

ORDER DENYING REQUEST FOR AN ORDER PERMITTING THE FILING UNDER SEAL OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND EXHIBITS THERETO—No. C-12-03451 RMW
ALG
2