*E-FILED: May 1, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>        Plaintiff,<br>  v.<br>LSI CORPORATION, et al.,<br><br>        Defendants.<br>_____/ | No. C12-03451 RMW (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORTS NOs. 1 AND 2**<br><br>**[Dkt. 55, 63]** |

      This case involves the prospective licensing of two patents: U.S. Patent No. 6,452,958 and U.S. Patent No. 6,707,867 ("the Patents"). The Patents are involved in an International Trade Commission ("ITC") investigation that defendants LSI Corporation and Agere Systems LLC ("LSI" or "Defendants") initiated in March 2012. In the Investigation, the Defendants allege that Realtek Semiconductor Corporation ("Plaintiff," or "Realtek") infringes the Patents. In this suit, which was filed three months after the initiation of the investigation, Realtek alleges that Defendants have represented that the Patents are essential to practice the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 standard for wireless communications and that they have agreed to license the patents on reasonable and non-discriminatory ("RAND") terms. Realtek alleges that Defendants breached their commitment to the IEEE by instituting the ITC investigation and by submitting an initial licensing proposal that was not RAND. Realtek seeks relief including, among other things, an order requiring defendants to license the patents to Realtek under RAND terms.

      Before the Court are two discovery disputes.

**1.    Discovery Dispute Joint Report No. 1**

In Discovery Dispute Joint Report ("DDJR") No. 1, Realtek asks the Court to order Defendants to serve supplemental responses to Realtek's Second Set of Interrogatories Nos. 10, 12 and 13 and Second Set of Document Requests Nos. 57-59 and 61. In general, the discovery seeks information and documents concerning Defendants' products that are compatible with *any* standard, including financial information about third-party products that incorporate Defendants' products. Defendants argue that this discovery is irrelevant, overly broad, and unduly burdensome to obtain. Realtek contends that the discovery is relevant to whether Defendants' license proposal complied with their RAND obligations, because Realtek is asking for the type of information that Defendants asked for in their licensing proposal.

Realtek discusses its discovery requests as belonging to three groups. The first group includes Interrogatory 12, Request for Production ("RFP") 58, and RFP 59. As narrowed by Realtek, Interrogatory 12 asks Defendants to identify and describe all licenses relating to Defendants' networking products that are compatible with any standard and incorporated into third-party products. RFP 58 asks for all licenses for these products. RFP 59 asks for all documents "relating to any inquiries, offers, proposals, or negotiations to license" these products. Defendants state that there are over 1,200 such licenses and that they would have to go through an "extensive notification and approval process whereby each licensee is notified of the intent to disclose the agreement and, if necessary, get approval to do so." The request for documents related to any inquiries, offers, proposals, or negotiations to license these products further compounds the burden of production. Though the Court is not completely convinced by Defendants' burden argument as to each of these discovery requests, the Court is also not convinced that all of the information sought by Plaintiff is relevant. The Court directs Defendants to identify, by name and date, the approximately 1,200 licenses, no later than **May 8, 2013**. Plaintiff shall then select, forthwith, 30 licenses from the list for production. Defendants shall produce the 30 licenses selected by Plaintiff, no later than 20 calendar days after Plaintiff makes its selection. The Court otherwise denies Realtek's request to compel Defendants to serve supplemental responses to Interrogatory 12 and RFPs 58 and 59.

The second group of discovery includes Interrogatory 13 and Document Request 61. Interrogatory 13 asks Defendants to identify all non-party products that incorporate Defendants' products as components, including "the product type, quantity sold, and average selling price for each calendar year." RFP 61 seeks documents that show "all such products sold worldwide, including product type, quantity, and average selling price for each calendar year." The Court finds these requests to be overly broad and burdensome, and declines to order Defendants to provide supplemental responses to these discovery requests.

The third group of discovery includes Interrogatory 10 and Document Request 57 and seeks a general description of the methods used by Defendants to make, distribute, and sell their products that are compatible with a standard and are incorporated into third party products. Interrogatory 10 asks Defendants to identify and describe all methods used by Defendants to "make, use[,] distribute, sell, or offer to sell [products] compatible with any [standard] and the person or persons who are most knowledgeable regarding the identified means and/or methods." RFP 57 seeks all documents that describe these methods. The Court finds that these discovery requests are overly broad, unduly burdensome, and not relevant to either party's claim or defense. Defendants are not required to provide supplemental responses to this discovery.

**2. Discovery Dispute Joint Report No. 2**

In DDJR 2, the parties ask the Court to determine whether LSI should have to produce its CEO, Abhi Talwalkar, for a limited deposition, not to exceed 4 hours.

In September 2012, about 6 months after defendants launched the ITC Investigation against plaintiff, and about 3 months after plaintiff filed this suit, Talwalkar attended the World Semiconductor Council ("WSC") meetings in Berlin, Germany. Yee Wei Huang, Realtek's Vice President of Marketing, also attended. At the WSC, the two discussed the ITC Investigation. Talwalkar stated that LSI's real "target" in the ITC investigation was Funai, a different respondent that sells end customer products such as digital televisions, and that LSI preferred not to sue semiconductor companies such as Realtek, a component supplier. Mr. Huang countered that LSI had, in fact, targeted Realtek, given that it had named Realtek as a proposed Respondent in the ITC

investigation and had subsequently provided Realtek with what Realtek considered a non-RAND licensing offer.

Talwalkar followed up the conversation with an email:

> I spent more time today understanding the history and LSI's actions. First of all, our focus is Funai, the system developer and producer. We only called out Funai's suppliers (such as Realtek) to ensure that Funai suppliers produced sufficient documentation. Historically, Taiwanese suppliers have not done this readily. We also communicated to your attorneys that we would remove Realtek from the suit itself, if Realtek provided documentation around the application area in question/infringement…

Realtek argues that the email raises questions that are directly relevant to its breach of contract claim in this case. LSI argues, *inter alia*, that Talwalkar is an apex witness, not a key employee most knowledgeable of ongoing litigation or license negotiation, and that Talwalkar has no unique, non-privileged knowledge of the matters at issue in this case.

The Court has considered the competing contentions of the parties and orders LSI to produce Talwalkar for a deposition, not to exceed two hours.

**IT IS SO ORDERED.**

Dated: May 1, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C12-03451 RMW (HRL) Order will be electronically mailed to:**

Adrian Sue Shin sshin@reedsmith.com, dkalahele@reedsmith.com

Charles Adam Pannell , III cpannell@kilpatricktownsend.com

David E. Sipiora dsipiora@kilpatricktownsend.com, cboyle@kilpatricktownsend.com, denverecf@kilpatricktownsend.com, pfreitik@kilpatricktownsend.com

James A Daire jdaire@reedsmith.com, vcanton@reedsmith.com

Robert John Artuz rartuz@kilpatricktownsend.com, amorjig@kilpatricktownsend.com

Steven S. Baik , Esq sbaik@reedsmith.com, pwiggins@reedsmith.com

William R. Overend woverend@reedsmith.com, cmosqueda@reedsmith.com, cshanahan@reedsmith.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**