UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>Defendant. | Case No. C-12-03451-RMW<br><br>**ORDER DENYING DEFENDANTS LSI CORPORATION AND AGERE SYSTEMS LLC'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B).**<br><br>[Re Docket No. 112] |

On May 20, 2013, the court granted partial summary judgment for breach of contract in favor of plaintiff Realtek Semiconductor Corp. ("Realtek"). Dkt. No. 102 ("May 20 Order"). The court held that defendants LSI Corporation and Agere Systems LLC (collectively "defendants") breached their duty to the Institute of Electrical and Electronics Engineers ("IEEE") to offer a license under RAND terms for its declared standard essential patents by seeking injunctive relief at the International Trade Commission ("ITC") prior to offering Realtek any license with respect to the patents at issue. The court enjoined defendants from enforcing any exclusion order or injunctive relief that the ITC may issue in the ITC action. Defendants appealed the court's injunction to the Ninth Circuit, Appeal No. 13-16070, and now move to certify the partial summary judgment for

interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  For the reasons set forth below, the court DENIES defendant's motion to certify.

# I. BACKGROUND

Defendant Agere owns two patents, U.S. Patents Nos. 6,452,958 ("'958 patent") and 6,707,867 ("'867 patent") that it designated as essential to the Institute of Electronic Engineers' ("IEEE") standard for wireless internet connectivity known as "WLAN," "Wi-Fi" or "802.11" (the "802.11 standard").[1]  As of 2001, Agere is a wholly owned subsidiary of LSI.  Realtek is a Taiwanese integrated circuit designer and supplier, including integrated circuits for WLAN technology.  Prior to the release of the 802.11 protocols at issue, in 2003 and 2004, Agere submitted Letters of Assurance, as required by the IEEE Standards Board Bylaws, stating that it "is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE Standard." Daire Decl., Ex. D (Dkt. No. 67-6) ("Letters of Assurance") (alteration in original).

## A. The correspondence and ITC dispute

On March 7, 2012, several years after the release of the 802.11 protocols, a representative of LSI contacted Realtek and asserted that Realtek products, as incorporated into certain third-party devices, infringe, *inter alia*, the '958 and '867 patents.  LSI's March letter did not offer a license, but demanded Realtek to immediately cease and desist from its allegedly infringing activities.  Less than one week later, LSI filed a complaint with the ITC naming Realtek and others as respondents and alleging, *inter alia*, that Realtek infringed the '958 and '867 patents.  LSI sought: (1) a "limited exclusion order" excluding the accused products from entry into the United States, and (2) "permanent cease-and-desist orders" barring Realtek from, *inter alia*, importing the accused products into the United States.  Over a month after LSI instigated the ITC proceeding, Realtek requested that LSI make the '958 and '867 patents available for a RAND license pursuant to defendant's designation of these patents as essential to the IEEE 802.11 standard and their promise in the Letters of Assurance.

---

[1] For a more detailed description of the history of the 802.11 standard, see the court's Order Granting in Part and Denying in Part Mot. to Dismiss at 2, Dkt. No. 41.

ORDER DENYING CERTIFICATION
Case No. C-12-03451-RMW
ALG / JU

- 2 -

### B. Procedural History

On June 29, 2012, Realtek filed the instant action asserting that defendants breached their RAND licensing obligations by initiating an ITC Section 337 action naming Realtek as a respondent before approaching Realtek with a RAND licensing offer. On May 20, 2013, this court granted partial summary judgment in favor of Realtek on its breach of contract claim and granted a conditional injunction preventing LSI from enforcing any exclusion order or injunctive relief with respect to the IEEE 802.11 standard-essential patents should the ITC grant said relief in the action before it. Order Granting Motion for Partial Summary Judgment, Dkt. No. 102 ("May 20 Order"). This court held that LSI breached their RAND licensing obligations to Realtek by failing to offer a license to the standard essential '958 and '867 patents before filing a Section 337 action at the ITC.

As of the issuance of this order, the ITC has not yet resolved the action before it. The May 20 Order's injunction is still conditional on the ITC's granting injunctive relief to LSI. LSI has appealed this court's injunction to the Ninth Circuit, and now moves this court to certify the grant of partial summary judgment for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b).

## II. PARTIES' ARGUMENTS

LSI argues that certification of the court's May 20 Order granting partial summary judgment for interlocutory appellate review is appropriate because: (1) the court's holding that LSI had an absolute duty to offer a RAND license before seeking to commence investigation in the ITC involves a controlling question of law; (2) there are substantial grounds for difference of opinion on this question based primarily on a recent case in the Western District of Wisconsin, *Apple, Inc. v. Motorola Mobility, Inc.*, 2012 WL 5416941 (W.D. Wi. Oct. 29, 2012); and (3) interlocutory appeal would materially advance the termination of the litigation by avoiding additional expense and delay. Defendants also argue that, because they already appealed the court's injunction pursuant to 28 U.S.C. § 1292(a)(1), certifying the issue of partial summary judgment pursuant to § 1292(b) would allow the Ninth Circuit to consolidate the appeals and provide a ruling on defendant's liability before the litigation of damages for breach of contract.

Realtek replies that certification of the breach of contract determination is inappropriate because: (1) contract interpretation is a mixed question of fact and law, which is inappropriate for

ORDER DENYING CERTIFICATION
Case No. C-12-03451-RMW
ALG / JU

- 3 -

interlocutory appeal; (2) there is no substantial difference of opinion in this circuit, *see Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872 (9th Cir. 2012), and the Wisconsin case is consistent with this court's holding; and (3) certification would not materially advance the termination of litigation because the breach of contract issue is inextricably bound with the court's conditional injunction which is already before the Ninth Circuit, and the Ninth Circuit may decide not to hear the appeal if it determines that it is premature.

### III. ANALYSIS

Section 1292(b) provides, in part, that when a district judge believes that an otherwise non-appealable order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge may certify the issue for interlocutory appeal, after which the Circuit Court may, in its discretion, permit the appeal. 28 U.S.C. § 1292(b). Thus, in order for the court to grant certification, there must be (1) a controlling question of law, (2) substantial ground for difference of opinion in reference to that question, and (3) opportunity to materially advance the ultimate termination of the litigation through an immediate appeal.

Section 1292(b) is not intended to provide a vehicle for difficult rulings to receive early review, but rather to expedite litigation by permitting early appellate consideration of legal questions which, "if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) (For example, issues " relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case."). However, the Ninth Circuit also recognizes that a case dispositive issue is not *required*. *Id.*; *In re Cement Antitrust Lit.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Nevertheless, section 1292(b) certification is appropriate "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. If a court finds that the requirements for certification have been met, it may, but need not, exercise jurisdiction. *See Nat'l Fair Housing Alliance et al. v. A.G. Spanos Const. Inc. et al.*, 2008 WL 5273335, at *1 (N.D. Ca. Dec. 16, 2008)

ORDER DENYING CERTIFICATION
Case No. C-12-03451-RMW
ALG / JU
- 4 -

1  ("Even if the Order meets the criteria for certification under § 1292(b), the court has discretion to
2  grant or deny certification, and its decision is unreviewable.").

3  Whether or not this is a controlling question of law subject to substantial differing opinions (although the court questions whether it is), the court concludes that certification is not justified because defendants fail to satisfy the third criterion for certification. If this court's partial summary judgment were accepted for interlocutory appeal, the Ninth Circuit's decision, no matter which party prevailed, would most likely not materially advance the ultimate termination of the litigation. Unless the Ninth Circuit were to review this court's breach of contract decision and reverse (i.e., conclude as a matter of law that LSI did not breach its RAND licensing obligations under the Letters of Assurance),[2] this court would still have to resolve the liability and damages issues at the trial, which is presently set for November. In event that the Ninth Circuit were to grant interlocutory review of the breach of contract issue, defendants admit that this court would be required to stay the present case pending the Ninth Circuit's decision on the breach of contract issue. In exchange for staying (and delaying) the case in this court, the only damages determination that could *potentially*, but is unlikely to, be avoided through certification is the determination of damages that Realtek incurred in defending an unwarranted ITC action. The court would still have to determine what constitutes a RAND royalty. The *possibility* of avoiding some liability[3] does not comport with the purpose of § 1292(b) certification, which is to be used only in "exceptional circumstances" not present here. *See In re Cement*, 673 F.2d at 1026.

Further, the May 20 Order also made clear that the injunction would not go into effect unless and until the ITC issued an exclusion order or injunctive relief with respect to the patents at issue. May 20 Order 14 n.6 ("This preliminary injunction will only go into effect in the event that the ITC grants an exclusion order or injunctive relief in favor of defendants. The ITC may, of course, still analyze Realtek's claims and defenses independently, and may find no Section 337 violation in any event. In that instance, this preliminary injunction will become moot."). Realtek filed a motion with the circuit court to dismiss defendants' appeal of the injunction on the basis that the injunction

---

[2] Alternatively, the Ninth Circuit could vacate this court's grant of summary judgment and remanding for trial. In this case, the liability issues and damages issues at trial would remain unchanged.

[3] The determination of what constitutes a reasonable royalty is still at play.

ORDER DENYING CERTIFICATION
Case No. C-12-03451-RMW       - 5 -
ALG / JU

is conditional, and the Ninth Circuit has yet to rule on the appropriateness of that appeal. If the Ninth Circuit declines to hear defendants' appeal of the injunction, certifying the partial summary judgment on the breach of contract issue becomes wholly inappropriate[4] and certainly will not materially advance termination of litigation. If the Ninth Circuit does hear the appeal of the injunction, the Ninth Circuit will review this court's summary judgment ruling on the breach of contract issue to the extent it deems appropriate in the context of that appeal. The court declines to certify the breach of contract determination for independent interlocutory review.

## IV.  ORDER

For the foregoing reasons, defendant's motion for certification pursuant to § 1292(b) is DENIED.

Dated: July 12, 2013

_____
RONALD M. WHYTE
United States District Judge

---

[4] At oral argument, LSI admitted that it would be satisfied by a conditional certification only in the event that the Ninth Circuit were to hear the appeal of the injunction.

ORDER DENYING CERTIFICATION
Case No. C-12-03451-RMW
ALG / JU
- 6 -