KILPATRICK TOWNSEND & STOCKTON LLP
DAVID E. SIPIORA (State Bar No. 124951)
1400 Wewatta Street, Suite 600
Denver, CO 80202-5556
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: *dsipiora@kilpatricktownsend.com*

KILPATRICK TOWNSEND & STOCKTON LLP
ROBERT J. ARTUZ (State Bar No. 227789)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email: *rartuz@kilpatricktownsend.com*

KILPATRICK TOWNSEND & STOCKTON LLP
CHARLES A. PANNELL, III (*admitted pro hac vice*)
1100 Peachtree St., NE
Atlanta, GA 30309
Telephone: (404) 745-2494
Facsimile: (404) 541-4668
Email: *cpannell@kilpatricktownsend.com*

Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION, et al.,<br><br>Defendant. | Case No. C 12-03451 RMW<br><br>**DEFENDANTS LSI CORPORATION AND AGERE SYSTEMS LLC'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION OF PROMISSORY ESTOPPEL**<br><br>Date:   September 6, 2013<br>Time:   9:00 AM<br>Place:   Courtroom 6, 4th Floor<br><br>Judge:   Hon. Ronald M. Whyte |

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION .................................................................................... iii

POINTS AND AUTHORITIES IN SUPPORT OF MOTION ....................................................... 1

    I.    STATEMENT OF ISSUES ............................................................................... 1

    II.    STATEMENT OF RELEVANT FACTS ............................................................ 1

        A.    The Parties ................................................................................................. 1

        B.    LSI/Agere's Participation in WLAN Standard Setting .............................. 1

        C.    The Present Action .................................................................................... 2

        D.    Court's Findings as to Breach of Contract ................................................. 2

        E.    Realtek's Claim of Promissory Estoppel ................................................... 3

    III.    LEGAL STANDARDS ..................................................................................... 3

        A.    Motion for Summary Judgment ................................................................ 3

        B.    Promissory Estoppel Is Inappropriate When the
            Promise At Issue Is Subject To A Valid Contract .................................... 4

    IV.    ARGUMENT .................................................................................................... 5

        A.    The Court Should Grant Summary Judgment in Favor
            of LSI on Realtek's Promissory Estoppel Cause of
            Action ........................................................................................................ 5

    V.    CONCLUSION ................................................................................................. 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................................. 3

*Childs v. Microsoft Corp.*,
   489 Fed. Appx. 224 (9th Cir. 2012) ......................................................................................... 4

*Galen v. Cnty. of L.A.*,
   477 F.3d 652 (9th Cir. 2007) ................................................................................................ 3, 4

*Horne v. Harley-Davidson, Inc.*,
   660 F. Supp. 2d 1152 (C.D. Cal. 2009) ................................................................................ 4, 6

*Kliff v. Hewlett Packard Co., Inc.*,
   318 Fed. Appx. 472 (9th Cir. 2008) ..................................................................................... 4, 6

*Klinke v. Famous Fried Chicken, Inc.*,
   94 Wash. 2d 255, 616 P.2d 644 (1980) .................................................................................... 4

*Odinma v. Aurora Loan Services*,
   No. C-09–4674 EDL, 2010 WL 2232169 (N.D. Cal. June 3, 2010) .................................... 4, 6

*SOAProjects, Inc. v. SCM Microsystems, Inc.*,
   No. 10–CV–01773–LHK, 2010 WL 5069832 (N.D. Cal. Dec. 7, 2010) ............................. 4, 6

*Walker v. KFC Corp.*,
   728 F.2d 1215 (9th Cir. 1984) .............................................................................................. 4, 6

*Youngman v. Nevada Irr. Dist.*,
   70 Cal. 2d 240, 74 Cal. Rptr. 398, 449 P.2d 462 (1969) .......................................................... 5

**STATUTES**

Cal. Civ. Code § 1559 .................................................................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ...................................................................................................................... 3

1 **NOTICE OF MOTION AND MOTION**

2 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3 **PLEASE TAKE NOTICE** that on September 6, 2013, at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Ronald M. Whyte of the above-entitled Court, located at 280 S. 1st Street, San Jose, California, 95113, Defendants LSI Corporation ("LSI") and Agere Systems LLC (collectively, "LSI") will and hereby do move the Court for an order granting summary judgment in LSI's favor as to Plaintiff Realtek Semiconductor Corporation's ("Realtek") second cause of action in the Complaint, namely promissory estoppel.

On June 29, 2012, Realtek filed this action alleging that LSI breached its RAND licensing obligations by (a) making an unreasonable offer in its June 20, 2012 proposal and (b) initiating an ITC action allegedly without ever having made a RAND license proposal to Realtek. Specifically, Realtek asserted causes of action for: (1) breach of contract, (2) promissory estoppel, (3) declaratory judgment that LSI must offer a RAND license to Realtek, and (4) unfair competition. On May 20, 2013, the Court entered partial summary judgment in favor of Realtek on Realtek's claim of breach of contract. In reaching its conclusions, the Court explicitly found that LSI "entered into a binding contract with the [Institute of Electronics Engineers ("IEEE")] to license [its] declared standard-essential patents…on RAND terms, and that Realtek is a third party beneficiary to that contract." In light of the Court's finding, subject to LSI's right to appeal, that LSI's commitments to the IEEE represent a binding contract, Realtek's alternative claim of promissory estoppel is no long valid under prevailing law. As set forth in numerous decisions from the Ninth Circuit Court of Appeals and courts under its jurisdiction, if the promise underlying a claim of promissory estoppel is the subject of a valid and enforceable contract – which the Court explicitly found here – a party's promissory estoppel claim on the same subject is moot and subject to summary judgment. Therefore, LSI respectfully requests that the Court enter summary judgment in LSI's favor on Realtek's claim of promissory estoppel.

This motion is based on this Notice of Motion and Motion, the accompanying points and authorities, the declaration and exhibits in support hereof, any reply papers which may be filed, and

1  such other arguments and evidence as may be brought before the Court prior to or at the hearing of
2  this motion.

# POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## I. STATEMENT OF ISSUES

1. Whether the Court should grant summary judgment in favor of LSI as to Realtek's second cause of action, namely promissory estoppel, as the Court has determined, subject to LSI's rights to appeal, that LSI's commitments to the IEEE constitute a valid and binding contract to which Realtek is a third-party beneficiary.

## II. STATEMENT OF RELEVANT FACTS

### A. The Parties

LSI is a United States company based in San Jose, California. Over the past twenty years, LSI through its predecessor companies, such as Lucent Technologies, Inc. and Agere Systems Inc., has developed a substantial patent portfolio in the field of wireless computer networking. Plaintiff Realtek is a Taiwanese company that supplies chips for wireless communication products that comply with the 802.11 wireless networking standards set forth by the IEEE. (Complaint ¶¶ 8, 76.) Plaintiff imports these chips into the U.S. and sells them to other companies overseas, which in turn import the chips into the U.S. as part of other products.

### B. LSI/Agere's Participation in WLAN Standard Setting

This action relates to commitments made by Agere[1] to a Standards Setting Organization ("SSO") known as the Institute of Electrical and Electronics Engineers Standards Association ("IEEE"). As part of the standard setting process, in 2003 and 2004, Agere submitted Letters of Assurance, as required by IEEE bylaws, with regard to U.S. Patent Nos. 6,452,958 and 6,707,867 that stated LSI was "prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [Proposed] IEEE Standard." (Complaint Ex. A (alteration in original).) Agere's 2003 Letters of Assurance specifically identified the '958 and '867 patents as part of its commitments to the IEEE. These commitments to licenses on reasonable terms and conditions are commonly referred to as RAND commitments.

---

[1] Agere was acquired by LSI after these commitments allegedly were made and is now a wholly-owned subsidiary of LSI.

DEFENDANTS LSI CORPORATION'S AND AGERE SYSTEMS LLC'S
NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C 12-03451 RMW

1

### C. The Present Action

On March 12, 2012, LSI filed a complaint with the ITC regarding infringement by Realtek and its customer, Funai, and other customers of Funai. (*Id.* ¶ 42.) After the initiation of the ITC Investigation, Realtek requested that LSI provide a RAND licensing proposal. (*Id.* ¶ 43.) On June 20, 2012, LSI provided Realtek with a summary of its licensing program and proposed licensing terms. (*Id.*) On June 29, 2012, without responding to LSI's initial proposal, Realtek filed this suit arguing that the ITC Investigation and the June 20, 2012 proposal violated its RAND obligations. (*Id.* ¶¶ 43-45.) Realtek's Complaint includes the following causes of action: (1) breach of contract, (2) promissory estoppel, (3) declaratory judgment that LSI must offer a RAND license to Realtek, and (4) unfair competition. The unfair competition claim was dismissed by the Court on October 10, 2012 in response to LSI's motion to dismiss. [Dkt. No. 41.] On May 20, 2013, the Court entered partial summary judgment in favor of Realtek on its claim of breach of contract (the "May 20 Order"). [Dkt. No. 102.] In light of the Court's earlier order dismissing the unfair competition claim and the May 20 Order granting partial summary judgment on Realtek's claim of breach of contract, Realtek's remaining causes of action are its claim for declaratory judgment that LSI must offer a RAND license to Realtek and its claim of promissory estoppel.

### D. Court's Findings as to Breach of Contract

In the May 20 Order, the Court granted partial summary judgment in favor of Realtek on its first cause of action, breach of contract. In support of its motion for partial summary judgment, Realtek argued that LSI's commitments to the IEEE found in the Letters of Assurance created a valid, binding contract between LSI and the IEEE, and that Realtek was a third-party beneficiary to that contract as Realtek manufactured products advertised as compliant with the IEEE 802.11 standards. [Dkt. No. 67, at 12-13.] The Court agreed with Realtek. At the heart of the Court's finding is its statement that "[t]here is no dispute in this case that [LSI] entered into a binding contract with the IEEE to license their declared standard-essential patents, including the '958 and '867 patents, on RAND terms, and that Realtek is a beneficiary to that contract." [Dkt. No. 102 at 7.] LSI recently moved to certify the Court's findings on Realtek's motion for partial summary judgment for interlocutory review, but the Court denied the motion, which sends this case forward

DEFENDANTS LSI CORPORATION'S AND AGERE SYSTEMS LLC'S
NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C 12-03451 RMW

2

1  for determination of remedy and damages based on the Court's findings of breach of contract. [Dkt.
2  No. 126.] Therefore, subject to LSI's right to appeal, the Court has determined that LSI's
3  commitments to the IEEE are the subject of a valid, enforceable contract.

### E. Realtek's Claim of Promissory Estoppel

Realtek's second cause of action for promissory estoppel rests on the commitments made by LSI to the IEEE that the Court has already determined to be governed by a valid, enforceable contract. (Complaint ¶ 56-63.) Specifically, Realtek states that LSI "made a clear and definite promise to potential licensees through [its] commitments to IEEE that [it] would license identified patents under reasonable terms, and on a non-discriminatory basis." (Complaint ¶ 57.) As reflected in its discovery responses in this matter, LSI's commitments reflected in the Letters of Assurance are the sole promise at issue in this litigation. In response to LSI's Interrogatory No. 3, which requests the identity of any commitment or promise made by LSI to the IEEE that Realtek contends forms the basis of its causes of action in this matters, Realtek's response focuses solely on the Letters of Assurance filed in 2003 and 2004: "Realtek state that LSI and Agere breached the contractual obligations contained in Agere's letters of assurance to the IEEE-SA (*see e.g.*, the letters attached to Realtek's Complaint in this action)." [Exh. A, at 7.] Realtek does not identify any other promise from LSI to the IEEE, or any other standards body, as being relevant in this matter in any pleading or in any of its discovery responses. Therefore, the sole promise at issue in this litigation are the commitments LSI made to the IEEE in the 2003 and 2004 Letters of Assurance attached to the Complaint in this action, which were the subject of the May 20 Order.

## III. LEGAL STANDARDS

### A. Motion for Summary Judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *See Celotex*, 477 U.S. at 323. Only if the initial

1 burden has been met must the non-moving party "make a showing sufficient to establish a genuine

2 dispute of material fact regarding the essential elements of his case that he must prove at trial." *See*

3 *Galen*, 477 F.3d at 658.

### B. Promissory Estoppel Is Inappropriate When the Promise At Issue Is Subject To A Valid Contract

"Promissory Estoppel is a doctrine that operates as a substitute for consideration where a contract fails." *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1162 (C.D. Cal. 2009). However, a party "cannot state a cause of action for promissory estoppel [if] a valid contract, supported by consideration, governs the same subject matter as the alleged promise." *Id.* at 1162 (*citing Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984) ("In sum, either KFC was in breach of contract or it was not. That should be the end of the matter. Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove a breach of contract."); *see also Odinma v. Aurora Loan Services*, No. C-09–4674 EDL, 2010 WL 2232169, *10 (N.D. Cal. June 3, 2010) ("However, where, as here, there is an express contract, promissory estoppel does not apply."); *SOAProjects, Inc. v. SCM Microsystems, Inc.*, No. 10–CV–01773–LHK, 2010 WL 5069832, *9 (N.D. Cal. Dec. 7, 2010) ("Generally, a plaintiff cannot rely on promissory estoppel when it also seeks to enforce a contract that it argues is supported by valid consideration."). The Ninth Circuit Court of Appeals recently found that promissory estoppel is not a valid cause of action when the promise at issue is governed by a binding contract. *See Childs v. Microsoft Corp.*, 489 Fed. Appx. 224, 225 (9th Cir. 2012) ("Moreover, the doctrine of promissory estoppel is inapplicable here because a bargained-for contract governs the basis of Childs' claims.") (*citing Klinke v. Famous Fried Chicken, Inc.*, 94 Wash. 2d 255, 616 P.2d 644, 648 n.4 (1980)). Courts may grant summary judgment in favor of defendants when it has determined that a contact governs the promise. *See Kliff v. Hewlett Packard Co., Inc.*, 318 Fed. Appx. 472, 477 (9th Cir. 2008) ("Finally, the district court properly granted summary judgment in favor of HP as to Kliff's claim for promissory estoppel because, in light of the fact the parties entered into a contract, Kliff's claim was properly brought as one for breach of contract, rather than promissory estoppel.").

DEFENDANTS LSI CORPORATION'S AND AGERE SYSTEMS LLC'S
NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C 12-03451 RMW

4

1    Finally, under California law, which Realtek claims governs the contract at issue between
2    LSI and the IEEE, promissory estoppel is "inapplicable where a promise is supported by
3    consideration." *Youngman v. Nevada Irr. Dist.*, 70 Cal. 2d 240, 74 Cal. Rptr. 398, 449 P.2d 462,
4    469 (1969) (noting that the doctrine of promissory estoppel is meant to make a promise binding,
5    under certain circumstances, even in the absence of consideration, and that therefore the doctrine is
6    inapplicable where a promise is supported by consideration).

7    **IV.    ARGUMENT**

8    **A.    The Court Should Grant Summary Judgment in Favor of LSI on Realtek's Promissory Estoppel Cause of Action**

10   Summary judgment in favor of LSI on Realtek's promissory estoppel cause of action is
11   appropriate and should be entered by the Court. Summary judgment must be entered because the
12   Court has already determined that the promise at the heart of Realtek's promissory estoppel claim,
13   namely the 2003 and 2004 Letters of Assurance sent by LSI and its predecessor companies to the
14   IEEE, constitutes a valid and enforceable contract to which Realtek is a third-party beneficiary. It is
15   undisputed that the only promises relevant in this case, as seen in Realtek's responses to discovery
16   requests, are the "the contractual obligations contained in Agere's letters of assurance to the IEEE-
17   SA (*see e.g.*, the letters attached to Realtek's Complaint in this action)." [Exh. A, at 7.] These are
18   the only promises identified by Realtek in its Complaint. (Complaint ¶ 56, stating that LSI "made a
19   clear and definite promise to potential licensees through [its] commitments to IEEE that [it] would
20   license identified patents under reasonable terms, and on a non-discriminatory basis.") Realtek has
21   never identified any other promise relevant in this action. Therefore, it is undisputed that the only
22   promises relevant to Realtek's claim for promissory estoppel in this matter is the commitment made
23   by LSI to the IEEE in the 2003 and 2004 Letters of Assurance.

24   In finding in favor of Realtek in the May 20 Order, the Court definitively determined that
25   LSI's commitment to the IEEE represents a binding, enforceable contract. Specifically, the Court
26   stated "[t]here is <u>no dispute</u> in this case that [LSI] entered into a binding contract with the IEEE to
27   license their declared standard-essential patents, including the '958 and '867 patents, on RAND
28   terms...." [Dkt. No. 102 at 7 (emphasis added).] As the Court has determined the existence of a

contract, and LSI's commitment to the IEEE represents the only promises identified by Realtek as being relevant in this matter, there is no dispute (subject to LSI's right to appeal) that a valid promise is at the heart of Realtek's promissory estoppel cause of action. Moreover, the Court already has found no dispute as to whether Realtek stands as a third-party beneficiary to the contract between LSI and the IEEE. [Dkt. No. 102 at 7.][2]

In summary, in light of the Court's determination that the 2003 and 2004 Letters of Assurance created a valid and enforceable contract between LSI and the IEEE, the Court should grant summary judgment in favor of LSI as to Realtek's promissory estoppel cause of action. As described above, promissory estoppel is not a valid cause of action when the promise at issue is governed by a valid contract. *See Horne*, 660 F. Supp. 2d at 1162 (*citing Walker*, 728 F.2d at 1220 ("In sum, either KFC was in breach of contract or it was not. That should be the end of the matter. Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove a breach of contract.")); *see also Odinma*, 2010 WL 2232169 at *10 ("However, where, as here, there is an express contract, promissory estoppel does not apply"); *SOAProjects,* 2010 WL 5096832 at *9 ("Generally, a plaintiff cannot rely on promissory estoppel when it also seeks to enforce a contract that it argues is supported by valid consideration"). The Ninth Circuit holds that when the promise at the heart of a promissory estoppel cause of action is governed by a contract, the district court may grant summary judgment in defendant's favor. *See Kliff*, 318 Fed. Appx. at 477 ("Finally, the district court properly granted summary judgment in favor of HP as to Kliff's claim for promissory estoppel because, in light of the fact the parties entered into a contract, Kliff's claim properly brought as one for breach of contract, rather than promissory estoppel.").

---

[2] Although the contract found by the Court in this case is between LSI and the IEEE, and not Realtek, under the same third-party beneficiary law posited by Realtek in this matter, Realtek as the third-party beneficiary may enforce a contract made for his or her benefit. *See* Cal. Civ. Code § 1559 (cited by Realtek in its Motion for Partial Summary Judgment) [Dkt. No. 67 at 12.] Realtek is estopped, therefore, from arguing that it is not a real party in interest to the contract determined by the Court and, accordingly, that that should be a basis for its promissory estoppel claim to survive.

## V. CONCLUSION

Because there is no genuine dispute of fact that LSI's commitment to the IEEE is the sole promise relevant to Realtek's claim of promissory estoppel and as the Court has determined, subject to LSI's right to appeal, that this commitment represents a valid and enforceable contract to which Realtek is a third-party beneficiary, the Court should enter summary judgment in LSI's favor as to Realtek's promissory estoppel cause of action.

Dated: August 2, 2013

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *David E. Sipiora*
    David E. Sipiora
    Robert J. Artuz
    Charles A. Pannell, III

Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS INC.

65575160v.2
DEFENDANTS LSI CORPORATION'S AND AGERE SYSTEMS LLC'S
NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C 12-03451 RMW

7