UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>Defendants. | Case No. C-12-03451-RMW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES**<br><br>[Re Docket No. 140] |

Realtek filed this lawsuit for two purposes. First, Realtek sought (and obtained) a judicial determination that defendants LSI Corporation and Agere Systems LLC's (collectively, "LSI") breached their contract to the Institute of Electrical and Electronics Engineers ("IEEE") to license their declared standard essential patents on Reasonable and Non-Discriminatory ("RAND") terms. *See* Dkt. No. 102. Second, Realtek seeks a judicial determination of a RAND royalty rate to practice the standard-essential patents-in-suit. Realtek is not asserting invalidity or noninfringement with respect to the patens-in-suit in this court, but rather is doing so before the International Trade Commission ("ITC") in defense of LSI's Section 337 action, Investigation No. 337-TA-837.

At the ITC, the administrative law judge ("ALJ") recently released an Initial Determination concluding that Realtek does not infringe the patents-in-suit in this case. LSI petitioned for review of the Initial Determination, and the ITC is scheduled to decide whether to review the Initial Determination by October 1, 2013. Realtek moves for a continuance of the trial date on the basis that this court's determination of a RAND rate could become moot if the ITC adopts the ALJ's Initial Determination as its final decision. Realtek seeks to continue the trial date from November 4, 2013 to March 10, 2014, and to move the other pre-trial deadlines to meet and confer, lodge materials, and for the final pre-trail conference, accordingly. Dkt. No. 140. For the reasons discussed below, the court concludes that good cause does not exist to support a continuance of the trial.

## I. ANALYSIS

Realtek argues that the court would preserve judicial resources by waiting to determine a RAND royalty rate because it may be moot after the ITC's final decision. Realtek also argues that a continuance would put the court in a better position to determine damages based on breach of contract as Realtek is still incurring costs associated with the ongoing ITC action.

LSI counters that a continuance is improper because it is presently subject to this court's preliminary injunction that will prevent it from enforcing any exclusion order that the ITC may ultimately award. According to LSI, it would be unfair to delay this court's determination of LSI's RAND obligations because, once this court makes that determination, LSI can comply with its RAND obligations to lift the preliminary injunction. LSI's position is that this court should determine the RAND rate *before* the ITC makes its final determination of whether to grant an exclusion order, so that if the ITC *does* ultimately issue an exclusion order, Realtek is already in the position to accept or decline this court's determined RAND royalty rate to license LSI's patents-in-suit. Thus, LSI argues that "judicial economy is, in fact, promoted by leaving the trial as scheduled." Opp'n 7, Dkt. No. 145.

The court agrees with LSI. Before having *any* indication as to how the ITC action would play out, Realtek agreed to a trial date of November 4, 2013: a date before the ITC's original target date of November 18, 2013 for the conclusion of the ITC investigation and well before any

ORDER DENYING PL.'S MOT. TO
CONTINUE TRIAL DATE
Case No. C-12-03451-RMW
ALG

- 2 -

exclusion order would issue.  Before knowing that the ITC would make an initial determination in its favor, Realtek was not opposed to a RAND and breach of contract trial *prior to* the ITC's final determination.  But now, with the favorable Initial Determination at the ITC, and in view of this court's preliminary injunction protecting it from any exclusion order, Realtek seeks to delay this court's RAND and breach of contract damages determination.  In the event that the ITC decides to review the ALJ's Initial Determination, it is possible that the ITC could ultimately hold that Realtek infringes the patents-in-suit and issue an exclusion order.  It would be unfair to LSI to delay this court's determination of its RAND obligations until March 2014 because, if the ITC *were* to ultimately grant an exclusion order before that time, LSI would be unable to enforce its remedy.  *See* Order on Realtek's Mot. for Summ. J. 14, Dkt. No. 102 (The preliminary injunction will remain in effect until "this court determines defendant's RAND obligations and defendants have complied therewith.").  The court agrees that it would be in the interest of justice to determine LSI's RAND obligations *prior to any exclusion order issuing* so that LSI can offer a RAND-compliant license to Realtek and this court can lift the preliminary injunction.

Realtek chose to pursue its RAND and breach of contract defenses in this forum.  As this court previously stated in denying LSI's motion to dismiss: "Realtek can simultaneously pursue a determination of the RAND royalty rate while denying infringement or asserting invalidity, even though those issues may ultimately obviate the need for a license."  Dkt. No. 41 at 7.  Realtek, however, cannot have it both ways, and is now held to a simultaneous pursuit of the RAND royalty rate determination and noninfringement defense.

The court also disagrees with Realtek that it will be in a better position to determine breach of contract damages in March 2014 than it is at present.  While the ongoing ITC action could *potentially* be resolved at the Commission by March 2014, there is no guarantee that this is so.  If the ITC's final decision is appealed to the Federal Circuit, the action would continue well past March 2014.  In any event, the court has made no indication that Realtek is *entitled* to damages for LSI's breach of contract that would include *the entire cost* of defending the ITC action; Realtek still must prove the damages it is entitled to based on LSI's breach of contract.

## II. ORDER

For these reasons, the court DENIES Realtek's motion to continue the trial date and other deadlines.

Dated: September 6, 2013



RONALD M. WHYTE
United States District Judge

ORDER DENYING PL.'S MOT. TO
CONTINUE TRIAL DATE
Case No. C-12-03451-RMW
ALG

- 4 -