UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>　　　　　Defendants. | Case No. C-12-03451-RMW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION OF PROMISSORY ESTOPPEL**<br><br>[Re Docket No. 132] |

On May 20, 2013, the court granted partial summary judgment for breach of contract in favor of plaintiff Realtek Semiconductor Corp. ("Realtek"). Dkt. No. 102 ("May 20 Order"). The court held that defendants LSI Corporation and Agere Systems LLC (collectively "LSI") breached their duty to the Institute of Electrical and Electronics Engineers ("IEEE") to offer a license under RAND terms for its declared standard essential patents by seeking injunctive relief at the International Trade Commission ("ITC") prior to offering Realtek any license offer with respect to the patents at issue. LSI now moves to dismiss Realtek's second cause of action for promissory estoppel. For the reasons discussed below, the court GRANTS LSI's motion for summary judgment on the second cause of action for promissory estoppel.

## I. ANALYSIS

LSI argues that a claim for promissory estoppel simply cannot lie where a valid contract supported by consideration exists. *See Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984).

LSI is correct. Under California law,[1] a plaintiff "cannot state a claim for promissory estoppel [where] a valid contract, supported by consideration, governs the same subject matter as the alleged promise." *Horne v. Harley Davidson, Inc.*, 660 F. Supp. 2d 1152, 1163 (C.D. Cal. 2009) (citing *Walker*, 728 F.2d at 1220) (dismissing the promissory estoppel claim). As explained in *Horne*:

> Promissory estoppel is a doctrine that operates as a substitute for consideration where a contract fails. The purpose of the doctrine of promissory estoppel "is to make a promise binding under certain circumstances, without consideration in the usual sense of something bargained for and exhanged." . . . Thus, when the promissee's performance was requested at the time the promisor made his promiae, and that performance was bargained for, the doctrine is inapplicalbe.

660 F. Supp. 2d at 1162-63 (quoting *Youngman v. Nev. Irr. Dist.*, 70 Cal. 2d 240, 249 (1969)).

Here, there is no question that LSI's statements in its letters of assurance to the IEEE (assuring the IEEE that the patents-in-suit are essential to practice the 802.11 WiFi standard and promising to license on RAND terms) were promises supported by consideration. In exchange for LSI's promise to the IEEE, every entity practicing the WiFi 802.11 standard now must pay LSI for a RAND license to LSI's declared standard-essential patents or face a high risk of having to defend a patent infringement action in court. *Accord Microsoft Corp. v. Motorola, Inc.*, 854 F. Supp. 2d 993, 999 (W.D. Wash. 2012) ("This court agrees with Microsoft that through Motorola's letters to both the IEEE and ITU, Motorla has entered into binding contractual commitments to license it essential patents on RAND terms.") (citing *Reserch in Motion Ltd. v. Mootorla, Inc.*, 644 F. Supp. 2d 788, 797 (N.D. Tex. 2008). In its opposition to Realtek's motion for partial summary judgment for breach of contract, LSI did not argue that a valid contract did not exist. *See* Opp'n to Mot. for Partial Summ. J. 17, Dkt. No. 77. Because there is a valid, enfoceable contract supported by consideration here, Realtek fails to state a claim for promissory estoppel. *See Walker*, 728 F.2d at

---

[1] Realtek alleges governs LSI's letters of assurance with the IEEE.

1220 ("[T]he promissory estoppel doctrine is limited 'to cases where no benefit flows to the promissor.'" (quoting *Signal Hill Aviation Co. v. Stroppe*, 96 Cal. App. 3d 637, 637 (1974)).

Realtek agrees that "promissory estoppel need not apply where there is a valid, enforceable contract." Opp'n 2, Dkt. No, 138. However, Realtek argues that so long as LSI seeks to preserve the contract validity issue for appeal,[2] the promissory estoppel claim should still be available as an alternative grounds for affirmance in the event that the Ninth Circuit were to hold that no valid contract exists. Realtek cites only one case in support of its position, *SOAProjects, Inc. v. SCM Microsystems, Inc.*, No. 10-01773, 2010 WL 5069832, at *9 (N.D. Cal. Dec. 7, 2010). In *SOAProjects*, the court recognized that "breach of contract and promissory estoppel claims are mutually exclusive" but allowed the plaintiff "to plead inconsistent claims" where there was still a question as to whether a valid contract existed at the dismissal stage. 2010 WL 5069832, at *4, *8-*9. In contrast, here, the court already *held*, and LSI did not dispute in opposing Realtek's motion for partial summary judgment, that a valid contract supported by consideration exists. That promise is the same promise that would form the basis for Realtek's promissory estoppel claim. Accordingly, Realtek cannot maintain a promissory estoppel claim, which may only exist *absent any benefit flowing to the promisor*. *See Walker*, 728 F.2d at 1220; *Accord Hele Ku KB, LLC v. BAC Home Loans Servicing, LP*, 873 F. Supp. 1268, 1287 (D. Haw. 2012) (dismissing promossory estoppel claim where court had already concluded that a valid, enforceable contract existed).

## II. ORDER

For these reasons, the court GRANTS LSI's motion for partial summary judgment on Realtek's second cause of action for promissory estoppel. Obviously, if the Ninth Circuit were to rule on appeal that no contract existed, Realtek could reassert its promissory estoppel claim.

Dated: September 6, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] Realtek asked LSI to stipulate that LSI's letters of assurance to the IEEE created a valid, enforceable contract. LSI responded that it wishes to preserve all rights to appeal this determination.