Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Adrian Sue Shin (SBN 256960)
Email: sshin@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Steven S. Baik (SBN 184622)
Email: sbaik@reedsmith.com
Carina M. Tan (SBN 185015)
carinatan@reedsmith.com
REED SMITH LLP
1510 Page Mill Road, Suite 110
Palo Alto, CA 94304
Tel: (650) 352-0500
Fax: (650) 352-0699

Attorneys for Plaintiff
REALTEK SEMICONDUCTOR CORPORATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>LSI CORPORATION and AGERE SYSTEMS LLC,<br><br>Defendants. | Case No. 5:12-cv-03451 RMW<br><br>**DECLARATION OF WILLIAM R. OVEREND IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* AND *DAUBERT* MOTIONS**<br><br>Date: October 17, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 6, 4th Floor<br><br>Trial Date: November 4, 2013<br><br>Hon. Ronald M. Whyte |

Case No. 5:12-CV-03451 RMW

OVEREND DECLARATION ISO PLF'S. OPPOSITION TO DEFS.' MOTIONS *IN LIMINE* & *DAUBERT* MOTIONS

I, William R. Overend, declare as follows:

1. I am an attorney at law licensed to practice before the courts of the State of California and the Northern District of California and a partner at Reed Smith LLP, attorneys for Plaintiff Realtek Semiconductor Corporation ("Realtek"). I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify to them.

2. Attached hereto as Exhibit A is a true and correct copy of the Memorandum Opinion, Findings, Conclusions, and Order, *In re Innovatio IP Ventures, LLC Patent Litig.*, MDL Docket No. 2303, Case No. 11-cv-09308 (N.D. Ill. Oct. 3, 2013), ECF No. 975.

3. Attached hereto as Exhibit B is a true and correct copy of the June 24, 2013 rebuttal report of Dr. Layne-Farrar, without the exhibits thereto.

4. Attached hereto as Exhibit C are true and correct excerpts of the transcript of the July 23, 2013 Deposition of Greg Leonard in this action.

5. Attached hereto as Exhibit D is a true and correct copy of the Verdict Form, *Microsoft v. Motorola*, Case No. C10-1823JLR (W.D. Wash. Sept. 4, 2013) ECF No. 909.

6. Attached hereto as Exhibit E is a true and correct copy of Jury Instructions, *Microsoft v. Motorola*, Case No. C10-1823JLR (W.D. Wash. Sept. 4, 2013) ECF No. 908 [Nos. 14, 15, 23 and 24.]

7. Attached hereto as Exhibit F are true and correct excerpts of the transcript of the July 30, 2013 deposition of Anne Layne-Farrar, Ph.D in this action.

8. Attached hereto as Exhibit G is a true and correct copy of LSI Corporation's Corporate Notice of Deposition to Plaintiff Realtek Semiconductor Corporation dated February 26,

2013.  Mr. Yee-Wei Huang was designated to testify on behalf of Realtek on topics 1 through 8, 10, 16, 17, 19 through 20, 2 22 through 26, and 28.  Among other things, those topics included "Realtek's attempts and/or efforts to mitigate the damages incurred by the alleged breach of contract" (No. 19) and "The basis for and computation of each category of damages Realtek seeks from LSI in this action and the basis and methodology for such computation, including but not limited to damages for alleged breach of contract or promise and the declaratory judgment relief sought" (No. 26).

9. Attached hereto as Exhibit H are true and correct excerpts of the transcript of the April 16, 2013 Deposition of Yee-Wei Huang in this action.

10. In their Motion *in limine* No. 4, Defendants seek to exclude Realtek's invoices reflecting the attorneys' fees and costs it incurred in the ITC 837 action, among other reasons, on the basis that the invoices are heavily redacted.  In their Motion, Defendants proposed that Realtek could have negotiated a compromise to allow the invoices to be used for a limited purpose (i.e., proving damages) without a waiver of the attorney-client privilege.  Prior to that time, Defendants had not requested unredacted versions of the ITC invoices as part of any discovery meet and confer efforts or otherwise.  Nonetheless, to address Defendants' alleged concerns, on October 7, 2013, Realtek offered to produce the invoices on the very terms Defendants suggested in their motion:  namely, that Realtek would produce the invoices with most of the redactions removed, subject to an agreement that the documents were being produced for the limited purpose of proving (and/or rebutting) Realtek's alleged damages and that there was no waiver of attorney-client privilege or work product as to these documents or any of the underlying communications or subject matter.  A true and correct copy of my October 7, 2013 email to Kevin Bell, counsel for Defendants, is attached hereto as Exhibit I.

11. On or about October 8, 2013, Mr. Bell wrote me an email stating that Defendants did not agree to Realtek's proposal (even though Defendants had suggested it just a week before), and

that Defendants had "no interest in incurring the additional time and expense associated with reviewing any unredacted documents." A true and correct copy of Mr. Bell's October 8, 2013 email is attached hereto as Exhibit J.

12.   On or about October 8, 2013, Realtek nonetheless made a supplemental production of the ITC invoices that removed most of the redactions, in order to moot any alleged prejudice to Defendants. A true and correct copy of my October 8, 2013 letter to Mr. Bell enclosing those documents is attached hereto as Exhibit K. A true and correct copy of one of the invoices produced on October 8, 2013 is attached hereto as Exhibit L. Realtek does not waive any attorney-client privilege, joint defense or other privilege, or work product as to any of the underlying communications or subject matter reflected in this invoice or any of the other invoices produced to Defendants.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED: October 10, 2013

/s/ William R. Overend
William R. Overend

Case No. 5:12-CV-03451 RMW — 3 —
OVEREND DECLARATION ISO PLF'S. OPPOSITION TO DEFS.' MOTIONS *IN LIMINE* & *DAUBERT* MOTIONS