# EXHIBIT G

KILPATRICK TOWNSEND & STOCKTON LLP
DAVID E. SIPIORA (State Bar No. 124951)
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: *dsipiora@kilpatricktownsend.com*

KILPATRICK TOWNSEND & STOCKTON LLP
ROBERT J. ARTUZ (State Bar No. 227789)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email: *rartuz@kilpatricktownsend.com*

KILPATRICK TOWNSEND & STOCKTON LLP
CHARLES A. PANNELL, III (*pro hac vice*)
1100 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 745-2494
Facsimile: (404) 541-4668
Email: *cpannell@kilpatricktownsend.com*

Attorneys for Defendants
LSI CORPORATION and
AGERE SYSTEMS LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

REALTEK SEMICONDUCTOR CORPORATION,

Plaintiff,

v.

LSI CORPORATION, et al.,

Defendant.

Case No. C 12-03451 RMW

**LSI CORPORATION'S CORPORATE NOTICE OF DEPOSITION TO PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION**

TO PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION AND ITS COUNSEL OF RECORD:

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants LSI Corporation will take the deposition upon oral examination of Plaintiff Realtek Semiconductor Corporation. The deposition will take place at the law offices of Kilpatrick Townsend & Stockton LLP, Eighth Floor, Two Embarcadero Center, San Francisco, CA, 94111, commencing at 9 a.m. on March 21, 2012, or at such other location date and time as may be mutually agreed upon by the parties. The deposition will continue from day to day until completed. The deposition will be videotaped and recorded by stenographic means, and LSI may use the recorded deposition at trial.

Pursuant to Rule 30(b)(6), Realtek shall designate one or more officers, directors or managing agents or other person who consent to testify on its behalf, as to matters known or reasonably available to Realtek with respect to each of the matters set forth in Schedule A. For purposes of this notice, LSI incorporates herein the definitions set forth in LSI's First Set of Interrogatories to Realtek as if such definition were set forth below.

## DEFINITIONS

A. "LSI" shall mean and refer to Defendant LSI Corporation and/or Agere Systems LLC, as identified in the Complaint (Doc. No. 1) in this action, its officers, directors, employees, partners, corporate parent, predecessors, subsidiaries or affiliates, and any persons or entities who are, or at any time to which these Interrogatories relate were acting on behalf of LSI.

B. "Realtek," "Plaintiff," "You," "you," "Your," or "your" shall mean and refer to Plaintiff Realtek Semiconductor Corporation and: (1) all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, partnerships or other operating entities, past or present, whether foreign or domestic that are controlled or owned by you; (2) all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on your behalf; and (3) any and all joint ventures or other legal entities of any type whatsoever in which you own or owned any interest, receive or received any payments, and/or participated or now participate in by any other manner whatsoever.

C. The term "the Patents" shall mean either or both U.S. Patent Nos. 6,452,958 and 6,707,867

and any corresponding applications.

D. The term "Wi-Fi Standard" means any version of the Institute of Electrical and Electronic Engineers Standards Association ("IEEE") 802.11 Standard for communication over a Wireless Local Area Network ("WLAN") (including without limitation 802.11a, 802.11b, 802.11g, 802.11-2007, 802.11n, 802.11-2012, and 802.11ac).

**SCHEDULE A**

**TOPIC NO. 1:**

Realtek's intellectual property licensing and negotiation practices.

**TOPIC NO. 2:**

Realtek's agreements to license intellectual property rights that are subject to any commitment to license those rights on reasonable and non-discriminatory ("RAND") terms.

**TOPIC NO. 3:**

Realtek's communications and/or documents discussing RAND licenses or procedures for entering into or calculating RAND licenses.

**TOPIC NO. 4:**

Realtek's communications with LSI regarding the Patents, intellectual property rights, the communications with LSI alleged in the Complaint, or any licensing of intellectual property rights, including but not limited to those communications between Abhi Talwalker and any person representing Realtek, and communications between with LSI in 2002, 2003, and 2012.

**TOPIC NO. 5:**

Actions taken by Realtek in response to its awareness of the Patents or LSI's claim that it owns patents essential to practice the Wi-Fi Standard.

**TOPIC NO. 6:**

Realtek's communications with any third-party concerning the subject matter or allegations of the Complaint, including but not limited to communications concerning LSI, the Patents, the proposed licenses to the Patents, negotiations or discussion of RAND licenses and/or LSI's commitment to license the Patents.

**TOPIC NO. 7:**

How and when Realtek became aware of the Patents.

**TOPIC NO. 8:**

How and when Realtek learned that LSI claimed that the Patents were essential to practice the Wi-Fi Standard.

**TOPIC NO. 9:**

How and when Realtek learned of LSI's commitment to the IEEE to license the Patents on RAND terms.

**TOPIC NO. 10:**

Actions taken by Realtek to evaluate the need for and secure a license to the Patents.

**TOPIC NO. 11:**

Realtek's alleged reliance on LSI's letters of assurance to the IEEE.

**TOPIC NO. 12:**

Realtek's current and past membership status in the IEEE and Realtek's contention that it was an intended and direct beneficiary of commitments made to the IEEE.

**TOPIC NO. 13:**

Realtek's understanding of LSI's alleged commitments to IEEE, including but not limited to Realtek's understanding of LSI's alleged commitment to the IEEE to license the Patents on a RAND basis.

**TOPIC NO. 14:**

Identification of those products that Realtek contends implements or will implement the Wi-Fi Standard and how those products implement the Wi-Fi Standard.

**TOPIC NO. 15:**

Realtek's development and sale of those products Realtek contends implements or will implement the Wi-Fi Standard and its reliance on LSI or Agere's alleged commitments to the IEEE in the development and sale of those products.

**TOPIC NO. 16:**

The royalty rates or other consideration paid by Realtek for the licensing of, or use of, any

patents essential to the Wi-Fi Standard, including the identification of any agreement, contract, or licensing establishing said royalty and the material provisions of those licenses.

**TOPIC NO. 17:**

The nature and scope of any license, agreement, or commitment made by Realtek regarding the licensing of any patent essential to the Wi-Fi Standard, including but not limited to whether the license was exclusive, nonexclusive, and the duration and terms of such licenses.

**TOPIC NO. 18:**

For each product that Realtek contends implements or will implement the Wi-Fi Standard, information regarding the product quantities, product price, gross revenue, net revenue, costs, expenses, and profits.

**TOPIC NO. 19:**

Realtek's attempts and/or efforts to mitigate the damages incurred by the alleged breach of contract.

**TOPIC NO. 20:**

Realtek's willingness to accept a RAND rate determined by the court as the result of this litigation.

**TOPIC NO. 21:**

Third party products that incorporate Realtek products, including the price, quantity, and use of said products.

**TOPIC NO. 22:**

The procedure for discussing, negotiating, or otherwise determining the terms and conditions of a license that is subject to RAND commitments, including how Realtek determines what constitutes an unreasonable or discriminatory offer.

**TOPIC NO. 23:**

Realtek's actions taken, responses to and communications in regards to LSI's June 20, 2012 proposal to license patents to Realtek.

**TOPIC NO. 24:**

Any allegation of patent infringement or demand for royalty payments made by an entity

to Realtek and any actions taken by Realtek in response to those allegations or demands.

**TOPIC NO. 25:**

Any patent infringement litigation initiated or filed against Realtek.

**TOPIC NO. 26:**

The basis for and computation of each category of damages Realtek seeks from LSI in this action and the basis and methodology for such computation, including but not limited to damages for alleged breach of contract or promise and the declaratory judgment relief sought.

**TOPIC NO. 27:**

The harm or injury to Realtek allegedly caused by LSI's actions, including loss of sales, loss of market share, diminishment of brand loyalty, and damage to reputation.

**TOPIC NO. 28:**

The royalties paid by Realtek to license intellectual property rights that related to Realtek's products that comply with the Wi-Fi Standard.

DATED: February 26, 2013        KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Charles A. Pannell, III*
DAVID E. SIPIORA
ROBERT J. ARTUZ
CHARLES A. PANNELL, III

Attorneys for Defendants
LSI CORPORATION
AGERE SYSTEMS LLC

64873476V.2

CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause. My business address is 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309-4528.

2. On February 26, 2013 I served the attached document titled

**LSI CORPORATION'S CORPORATE NOTICE OF DEPOSITION TO PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION**

by transmitting a true and accurate copy of said document to the parties indicated below at the email addresses listed, based on an agreement of the parties to accept service by electronic transmission.

***VIA EMAIL***

Steven S. Baik
Carina Maria Tan
Reed Smith LLP
1510 Page Mill Road, Suite 110
Palo Alto, CA 94304

Email: rszz-RealtekRAND@ReedSmith.com

***VIA EMAIL***

Scott D. Baker
William R. Overend
James A. Daire
Adrian Sue Shin
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659

Email: rszz-RealtekRAND@ReedSmith.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of February, 2013, at Atlanta, Georgia.

By: /s/ *Charles A. Pannell, III*
CHARLES A. PANNELL, III