1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                            SAN JOSE DIVISION

5

6
         REALTEK SEMICONDUCTOR              )   CV-12-3451-RMW
7        CORPORATION,                       )
                                            )   SAN JOSE, CALIFORNIA
8                        PLAINTIFF,         )
                                            )   OCTOBER 17, 2013
9                 VS.                       )
                                            )   PAGES 1-15
10       LSI CORPORATION, ET AL,            )
                                            )
11                       DEFENDANT.         )

12

13                       TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE RONALD M. WHYTE
14                    UNITED STATES DISTRICT JUDGE

15       A P P E A R A N C E S:

16       FOR THE PLAINTIFF:     REED SMITH
                                BY:  STEVEN BAIK
17                              1510 PAGE MILL ROAD, STE 110
                                PALO ALTO, CA 94304
18

19       FOR THE DEFENDANT:     KILPATRICK TOWNSEND
                                BY:  DAVID SIPIORA
20                                   KEVIN BELL
                                1400 WEWATTA STREET, STE 600
21                              DENVER, CO 80202

22       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
         PRODUCED WITH COMPUTER.
23

24                  APPEARANCES CONTINUED ON THE NEXT PAGE

25       OFFICIAL COURT REPORTER:      SUMMER FISHER, CSR, CRR
                                       CERTIFICATE NUMBER 13185

```
 1      FOR THE PLAINTIFF:        REED SMITH
                                  BY:  WILLIAM OVEREND
 2                                     CHRISTINE MORGAN
                                       JAMES DAIRE
 3                                     JOHN MCCAULEY, IV
                                  101 SECOND STREET, STE 1800
 4                                SAN FRANCISCO, CA 94105

 5

 6      FOR THE DEFENDANT:        KILPATRICK TOWNSEND
                                  BY:  ROBERT ARTUZ
 7                                1080 MARSH ROAD
                                  MENLO PARK, CA 94025
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    SAN JOSE, CALIFORNIA                    OCTOBER 17, 2013
 2                    P R O C E E D I N G S
 3       (WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS
 4    WERE HELD:)
 5              THE CLERK:   CALLING CASE C-12-3451.  REALTEK V. LSI.
 6       ON FOR PRETRIAL CONFERENCE AND HEARING ON THE MOTIONS IN
 7    LIMINE.
 8              STATE YOUR APPEARANCES, PLEASE.
 9              MR. BAIK:  YOUR HONOR, STEVE BAIK, BILL OVEREND AND
10    JAMES DAIRE, CHRIS MORGAN AND JOHN MCCAULEY FOR THE PLAINTIFF,
11    REALTEK.
12              MR. SIPIORA:  GOOD AFTERNOON, YOUR HONOR.
13       DAVID SIPIORA WITH ROB ARTUZ AND KEVIN BELL FROM KILPATRICK
14    TOWNSEND REPRESENTING LSI CORPORATION AND AGERE SYSTEMS LLC,
15    DEFENDANTS.
16              THE COURT:  OKAY.
17       LET ME BRING UP WHAT YOU PROBABLY ALREADY RECOGNIZED WHICH
18    IS A PROBLEM THAT I HOPED WOULDN'T ARISE, BUT IT IS AT THIS
19    POINT.  AND THAT IS THE CONFLICT WITH THE CRIMINAL CASE THAT
20    YOU JUST UNFORTUNATELY HAD TO SIT THROUGH A LITTLE OF.
21       I GUESS MY INITIAL QUESTION IS, HOW LONG CAN YOU WAIT
22    WITHOUT SIGNIFICANT INCONVENIENCE OR HARDSHIP ON YOUR CLIENTS
23    TO KNOW WHETHER THIS CASE CAN GO AS SCHEDULED?
24              MR. SIPIORA:  WELL, DAVID SIPIORA, YOUR HONOR.
25              THERE IS SOME UNCERTAINTY BECAUSE OF THE GOVERNMENT
```

1    SHUTDOWN AND THE INTERNATIONAL TRADE COMMISSION CLOSED DOWN AS

2    WELL, SO AT THIS POINT WE DON'T HAVE VERY HIGH CONFIDENCE THAT

3    THE DATES CURRENTLY SET IN THE ITC WILL REMAIN IN TACT.

4          AS YOU KNOW, IF YOU WILL TAKE A STEP BACK YOU WILL RECALL

5    THERE'S A TARGET DATE WHICH IS THE DATE AS WHICH THE ITC

6    RENDERS ITS FINAL DECISION WHICH IS DECEMBER 9TH.

7          OCTOBER 1ST WAS THE DATE WHEN THE ITC WAS GOING TO GIVE

8    US A BRIEFING SCHEDULE FOR THE FINAL BRIEFING, RELATIVE TO THE

9    INITIAL LAW JUDGE.

10          SO YOU HAVE AN INITIAL DETERMINATION, OCTOBER 1ST WAS TO

11   BE THE DATE FOR BRIEFING.  AND THEN THE ITC WOULD MAKE ITS

12   FINAL DETERMINATION BY DECEMBER 9TH.  THE GOVERNMENT SHUTDOWN

13   WAS OCTOBER 1ST.  THE ITC NEVER ISSUED ITSELF ORDER ON

14   BRIEFING.  WE ARE EXPECTING THAT TO OCCUR SOME TIME SOON, THEN

15   WE WILL KNOW WHEN OUR DATES ARE DUE FOR FILING BRIEFS FOR THE

16   FINAL REVIEW THEN THEIR DETERMINATION.

17          SO AS WE STAND HERE RIGHT NOW IT'S DIFFICULT TO PREDICT

18   WHAT KIND OF -- IF AT ALL WHAT WILL OCCUR TO THE SCHEDULE.

19          RIGHT NOW AS IT STANDS DECEMBER 9TH IS THE TARGET DATE

20   AND THAT'S THE DATE WHEN THE ITC IS TO RENDER ITS FINAL

21   DECISION ON WHETHER THERE'S GOING TO BE AN CONCLUSION ORDER OR

22   NOT.  AND YOU WILL RECALL THERE'S A 60-DAY PERIOD IN WHICH THEY

23   KEEP AN EXCLUSION ORDER WHICH IS FOR THE ONE PATENT BUT NOT FOR

24   THE TWO INVOLVED HERE.  THAT EXCLUDE ORDER REMAINS IN TACT THEN

25   PRESIDENT OBAMA HAS 60 DAYS TO REVIEW THAT AND TO ACCEPT IT OR

1    NOT.

2          THE COURT:  WHAT DOES THIS MEAN, FROM YOUR

3    STANDPOINT?

4          MR. SIPIORA:  WELL, THE ISSUE FOR US IS AS YOU KNOW

5    YOU HAVE THE INJUNCTION IN PLACE WHICH MEANS WE CAN'T ENFORCE.

6    WE WOULD HAVE -- I THINK THE BEST THING FOR US IS TO -- IT'S

7    HARD TO DETERMINE AT THIS POINT WHAT'S GOING TO HAPPEN BECAUSE

8    WE DON'T KNOW HOW LONG NOW BEFORE WE GET THE ORDER AND WHETHER

9    THEY ARE ANYTHING TO CHANGE THE DATE.

10          STANDING HERE TODAY LET'S ASSUME, IF WE COULD ASSUME FOR

11    THE SAKE OF ARGUMENT THAT NOTHING CHANGES IN THE CURRENT

12    SCHEDULE THAT THEY JUST ABSORB THE TIME THAT'S ELAPSED ON

13    OCTOBER 1ST AND ISSUE A SHORTENED BRIEFING SCHEDULE AND THE

14    TARGET DATE OCCURS ON DECEMBER 9TH, AT THAT POINT THERE WOULD

15    BE 60 DAYS UNTIL THE INJUNCTION WOULD TAKE EFFECT AND THE

16    ASSUMPTION THERE ALSO OF COURSE IS THAT THE ALJ'S DECISION ON

17    ONE OR BOTH OF THESE PATENTS IS REVERSED, THE TWO THAT ARE

18    IMPLICATED IN THIS CASE.

19          OUR ACTIVITIES WITH RESPECT TO ENFORCING THOSE WOULD TAKE

20    PLACE THEN SOME TIME AFTER OR AT THE CONCLUSION OF THAT PERIOD

21    SO DECEMBER 9TH.  ROUGHLY SPEAKING JANUARY 9TH, FEBRUARY 9TH IS

22    THE DATE WE WOULD WANT TO ACTUALLY ENFORCE BUT TYPICALLY WHAT

23    HAPPENS IS DURING THE 60-DAY PERIOD WE WILL GET EVERYTHING

24    LINED UP TO DO THE ENFORCEMENT ACTIVITY.

25          SO DECEMBER 9TH BASICALLY FORWARD WE ARE ACTIVE IN MAKING

1   PREPARATIONS WORKING WITH CUSTOMS OFFICIALS TO DO THE

2   ENFORCEMENT ACTIVITY.

3          SO I GUESS BOTTOM LINE IF EVERYTHING STAYED THE SAME AND

4   DECEMBER 9TH REMAINED THE TARGET DATE AND AGAIN ASSUMING

5   THERE'S A REVERSAL OF THE ALJ'S INITIAL DETERMINATION WITH

6   RESPECT TO 1 OR 2 OF THE PATENTS HERE THEN WE WOULD ASK TO HAVE

7   THE TRIAL BE FOR DECEMBER 9TH SO THAT WE COULD ASSUMING

8   EVERYTHING GOES THE WAY WE HOPE IT WILL GO, WE CAN BE ACTIVELY

9   INVOLVED IN OUR ENFORCEMENT ACTIVITIES AFTER DECEMBER 9TH SO

10  THAT WHEN ASSUMING PRESIDENT OBAMA DOESN'T DO ANYTHING TO

11  INTERVENE HERE WHICH HAS ONLY HAPPENED ONCE IN THE LAST

12  25 YEARS, WHICH THE INJUNCTION TAKES PLACE WHICH WOULD BE

13  BASICALLY FEBRUARY 9TH, WE WOULD ALREADY HAVE IN MOTION THINGS

14  WE NEED TO TAKE ADVANTAGE OF THE ORDER.

15         TRANSLATION AND BOTTOM LINE IS DECEMBER 9TH IS REALLY A

16  TARGET DATE AT THIS POINT TO HAVE THIS RESOLVED.  SO IF THEY

17  WANT TO GET THIS RAND LICENSE AS A RESULT OF THE COURT'S TRIAL,

18  WE WANT TO HAVE THAT COMPLETED BY DECEMBER 9TH.

19         MR. BAIK:  YOUR HONOR, BEFORE THE GOVERNMENT SHUTDOWN

20  THE ITC DID ISSUE AN ORDER SAYING THAT FOR EVERY DAY OF THE

21  SHUT DOWN ALL DATES ALL DATES AND ALL THE ITC MATTERS WOULD BE

22  TOLLED A DAY.

23         SO BASICALLY THERE WERE 16 DAYS OF SHUT DOWN SO ALL DATES

24  INCLUDING WE ASSUMED INCLUDING THE DECEMBER 9TH DATE WAS TOLLED

25  AN ADDITIONAL 16 DAYS.  SO THE FINAL DETERMINATION WON'T COME

1    OUT TO DECEMBER 26TH YOUR HONOR.

2       SO WE THINK WE SHOULD WAIT UNTIL THAT TIME BEFORE STARTING

3    TRIAL FOR THE MANY REASONS WE TALKED ABOUT BEFORE AT THE LAST

4    HEARING ABOUT CONTINUING THIS CASE UNTIL WE HAVE THE FINAL

5    DETERMINATION WHICH WOULD RESOLVE A LOT OF ISSUES THAT WE WERE

6    EVEN GOING TO ADDRESS TODAY.

7       SO WE DON'T SEE ANY HARM IN POSTPONING IT TO AFTER

8    DECEMBER 26TH, YOUR HONOR.

9        THE COURT:  IF WE CONTINUED IT TO THE BEGINNING OF

10    NEXT YEAR, WOULDN'T THAT STILL GIVE YOU TIME TO GET YOUR DUCKS

11    IN ORDER?

12        MR. SIPIORA:  I WOULD HAVE TO CONSULT WITH OUR ITC

13    COUNSEL AND MECHANISM FOR THAT.  THAT'S PRETTY SPECIFIC

14    ACTIVITY THAT TAKES PLACE TYPICALLY IN WASHINGTON, D.C. WITH

15    DIFFERENT COUNSEL THAN OUR FIRM.  THAT'S THE ENGAGEMENT WITH

16    CUSTOMS THOSE INTERVIEWS THAT KIND OF PROCESS.

17       I WOULD HAVE TO INVESTIGATE FURTHER TO KNOW EXACTLY WHAT

18    THE IMPACT WOULD BE IN THAT SENSE.

19        MR. BAIK:  YOUR HONOR --

20        THE COURT:  LET'S GET BACK TO MY INITIAL QUESTION.

21    HOW LONG CAN YOU WAIT NOW WITHOUT INCONVENIENCING YOUR CLIENT

22    OR CAN YOU?

23        MR. SIPIORA:  WELL, IF THE INJUNCTION REMAINS IN

24    PLACE --

25        THE COURT:  I MEAN BRINGING WITNESSES OR --

1    MR. SIPIORA:  OH, THAT KIND OF ISSUE?

2    THE COURT:  YEAH.

3    MR. SIPIORA:  WELL, WE ONLY HAVE ONE WITNESS WHO IS

4  COMING FROM OUR CLIENT.

5    WE HAVE TWO EXPERTS.  THEIR SCHEDULES ARE IMPOSSIBLE.  WE

6  WILL HAVE TO FIGURE THAT ONE OUT.  AT THIS POINT IN TERMS OF

7  INCONVENIENCE AND DELAY, IT'S DIFFICULT.  WE HAVE HOTELS

8  CONTRACTS THAT ARE NONREFUNDABLE.  PUTTING THAT ASIDE, TENS OF

9  THOUSANDS OF DOLLARS NONREFUNDABLE THAT ARE ALREADY COMMITTED,

10  FAIRMONT HOTEL, ET CETERA, WE SIGNED THOSE BECAUSE WE HAD TO.

11    IN TERMS OF ACTUALLY GETTING THE TRIAL DONE, I'M NOT

12  AWARE OF ANYTHING AT THE MOMENT, SPECIFICALLY OTHER THAN

13  WITNESS CONFLICTS I HAVE A TRIAL IN JANUARY MYSELF.  WE HAVE

14  VARIOUS SCHEDULING CONFLICTS.

15    MAYBE WHAT I MIGHT SUGGEST BECAUSE OF THE UNCERTAINTY

16  HERE, IF WE COULD -- GIVEN THE UNDERSTANDING NOW THERE'S GOING

17  TO BE A POSTPONEMENT IF WE COULD REGROUP.

18    THE COURT:  THE CASE COULD GO AWAY.

19    MR. SIPIORA:  THE CRIMINAL CASE, OH, WELL IT DOESN'T

20  SOUND LIKE YOU ARE GOING TO KNOW BY NOVEMBER 4TH.

21    THE COURT:  WELL, THERE WERE THREE DEFENDANTS, ONE

22  PLED GUILTY TODAY.

23    MR. SIPIORA:  WELL, ONE-THIRD OF THE WAY THERE.

24    THE COURT:  SO MY IF I HAD TO GUESS ONE OF THE OTHER

25  TWO WILL BUT THE THIRD ONE PROBABLY WON'T.

1       SO I THINK THE CASE WILL PROBABLY GO BUT I DON'T KNOW.

2           MR. SIPIORA:  SO WE WOULD BE YOUR ASSUMPTION THAT THE

3   NOVEMBER 4TH DATE YOU SET FOR THE CRIMINAL TRIAL IS LIKELY TO

4   GO AT THIS POINT.

5           THE COURT:  YES.

6       BUT MANY CASES FOLD AS YOU KNOW, 95 PERCENT.

7           MR. SIPIORA:  I KNOW.  AND OFTEN THE NIGHT BEFORE OR

8   THE DAY BEFORE.

9       IF I MAY ASK YOUR HONOR, IS THAT CASE TRULY 6 TO 8 WEEKS

10  AS THEY REPRESENTED?

11          THE COURT:  I DON'T THINK IT'S 6 TO 8 WEEKS, BUT I

12  THINK IT'S A GOOD MONTH.

13          MR. SIPIORA:  ALL RIGHT.

14      SO IF IT STARTS, WE ARE NOT GOING TO COME RIGHT UP BEHIND

15  IT IN A WEEK OR TWO WEEKS, IT SOUNDS LIKE.

16          THE COURT:  THAT'S PROBABLY TRUE.

17          MR. BAIK:  YOUR HONOR, MR. SIPIORA RAISED CONCERNS

18  ABOUT THE INJUNCTION PROCEEDINGS THAT HAVE TO TAKE PLACE AFTER

19  THE FINAL DETERMINATION.

20      WE HAD ALREADY OFFERED DURING OUR SETTLEMENT CONFERENCE

21  WITH JUDGE GREWAL THAT WE WOULD BE WILLING TO WORK WITH THEM TO

22  PUT A STAY OR SOMETHING IN PLACE IN THE ITC CASE UNTIL THIS

23  TRIAL WAS CONCLUDED.  AND WE ARE STILL OPEN TO DISCUSSING THAT.

24      SO IF WE PUSH OFF THE TRIAL INTO JANUARY, WE WOULD BE

25  WILLING TO WORK WITH THEM IN PUTTING A STAY ON THE PRESIDENTIAL

1     REVIEW PERIOD.

2              THE COURT:  WHAT PRACTICAL PROBLEMS DO YOU HAVE AS

3     FAR AS GETTING WITNESSES HERE AND THEIR SCHEDULES?

4              MR. BAIK:  IN TERMS OF WHEN, YOUR HONOR?

5              THE COURT:  IN TERMS OF BEING ABLE TO PROCEED WITH

6     TRIAL AS SCHEDULED?

7              MR. BAIK:  I GUESS CURRENTLY RIGHT NOW IF WE PROCEED

8     AS SCHEDULED, THAT'S WHAT WE ARE PLANNING ON.  BUT IF WE ARE

9     GOING TO SOME HAVE SORT OF DELAY WE WOULD LIKE A DATE CERTAIN

10    BECAUSE.

11             THE COURT:  I'M ASKING YOU HOW LONG CAN YOU WAIT AND

12    KEEP THE DATES PRESENTLY SET WITHOUT CAUSING YOU SOME

13    ADDITIONAL GRIEF.

14             MR. BAIK:  I THINK FOR THE MANY REASONS MR. SIPIORA

15    DISCUSSED, I THINK THERE'S A LOT OF GRIEF WE WOULD BE SUFFERING

16    ON A DAY-TO-DAY BASIS INCLUDING ONE OF OUR WITNESSES WHO IS

17    COMING FROM TAIWAN WHO WOULD HAVE TO EXTEND INCLUDING OUR

18    CLIENT AS WELL AND THEN THE DEPOSITS ON HOTELS, THINGS LIKE

19    THAT, BASICALLY WE WOULD HAVE TO EXTEND ALL OF THAT WHILE WE

20    ARE WAITING, YOUR HONOR.

21             THE COURT:  SO IT WOULD BE BETTER TO KNOW NOW THAN A

22    WEEK FROM NOW.

23             MR. BAIK:  YES, YOUR HONOR.

24             THE COURT:  MR. SIPIORA?

25             MR. SIPIORA:  I THINK IT WOULD BE BEST IF WE COULD

1 REGROUP, HONESTLY, TO FIGURE OUT WHAT OUR WITNESS AVAILABILITY

2 IS, PARTICULARLY EXPERTS.

3   IT'S AN EXPERT HEAVY TRIAL.  WE HAVE -- THEY HAVE

4 POTENTIALLY THREE EXPERTS WE HAVE TWO.  THEY ARE VERY BUSY

5 SCHEDULES.  I ALMOST FEEL LIKE GIVEN WHAT YOU SAID IF WE COULD

6 REGROUP THE NEXT COUPLE OF DAYS GIVEN WHAT THE SCHEDULES LOOK

7 LIKE -- THE OTHER THING I DIDN'T MENTION WE TALKED ABOUT

8 BEFORE, ONE OF OUR PATENTS DOES EXPIRE IN FEBRUARY.  THAT WAS

9 ONE OF THE ARE ISSUES WE HAVE, ONE OF TWO PATENTS, AND THIS

10 EFFECTIVELY WOULD --

11   THE COURT:  DO YOU WANT TO REGROUP BY PHONE NEXT

12 MONDAY OR SOMETHING, OR TUESDAY?

13   MR. SIPIORA:  COULD WE DO THAT, YOUR HONOR?  MONDAY

14 I'M IN A DEPOSITION ALL DAY.  COULD WE DO TUESDAY MORNING IF

15 YOU ARE AVAILABLE?

16   THE COURT:  LET ME HAVE MY LEADER CHECK.

17   THE CLERK:  WE CAN DO TUESDAY.

18   THE COURT:  DO YOU WANT TO DO THAT?

19   MR. SIPIORA:  THAT WOULD BE ACCEPTABLE TO ME.

20   MR. BAIK:  YOUR HONOR, WE WOULD LIKE TO KNOW AS SOON

21 AS POSSIBLE.

22   THE COURT:  TUESDAY IS PRETTY SOON.

23   MR. BAIK:  OKAY.

24  SO WHAT WOULD BE THE PLAN THEN A CALL ON TUESDAY

25   THE COURT:  UNLESS YOU WANT TO COME IN.

1        MR. BAIK:  BUT WOULD THE PLAN BE THAT WE ARE STILL

2   SCHEDULED FOR THE FOURTH OR ARE WE LOOKING AT.

3        THE COURT:  WE ARE PROBABLY LOOKING AT MOVING IT

4   UNLESS THE CRIMINAL CASE CAPITULATED BETWEEN NOW AND TUESDAY.

5        MR. BAIK:  I GUESS THE ONLY CONCERNS THAT WE WOULD BE

6   WORKING UP TO PREPARING FOR THE TRIAL UP UNTIL THAT TIME, BUT

7   OTHER THAN THAT --

8        THE COURT:  WELL, WE COULD HAVE THE ASSUMPTION THAT

9   IT'S GOING TO BE MOVED IT'S JUST A QUESTION OF WHEN.

10       MR. BAIK:  OKAY.

11       THE COURT:  IF THAT MAKES SENSE.

12       MR. SIPIORA:  IT SOUNDS LIKE THAT'S THE REALITY, FROM

13   WHAT YOU TOLD US.

14       THE COURT:  IT PROBABLY IS, YEAH.

15      BUT IF -- UNLESS IT REALLY CAUSED SOMEBODY HARDSHIP, I

16   COULD LEAVE IT OPEN UNTIL TUESDAY, BUT I DON'T THINK ANYTHING

17   IS GOING TO HAPPEN IN THE CRIMINAL CASE UNTIL NOW AND TUESDAY

18       MR. BAIK:  I DO HAVE A WITNESS IN TRANSIT TO THE U.S.

19   AT THAT TIME, YOUR HONOR.  SO IF I COULD HAVE BETTER VISIBILITY

20   SO THAT THE WITNESS --

21       THE COURT:  OKAY.  WHY DON'T WE -- GET TOGETHER ON

22   TUESDAY.

23      ARE YOU LOCAL OR -- I CAN'T REMEMBER WHERE YOU ARE FROM.

24       MR. SIPIORA:  I'M GOING TO BE IN WASHINGTON, D.C. FOR

25   A DEPOSITION.  SO I COULD DO MONDAY LATE IN THE AFTERNOON OR --

```
1              THE COURT:  HOW ABOUT TUESDAY, WILL YOU BE BACK HERE?

2              MR. SIPIORA:  NO, ACTUALLY I'M GOING TO BE IN NEW

3       YORK.

4              THE COURT:  OH, OKAY.

5              MR. SIPIORA:  COULD WE DO TUESDAY MORNING FIRST

6       THING, 9:00?

7              THE COURT:  SURE.

8              MR. BAIK:  I GUESS THE QUESTION I HAVE, YOUR HONOR,

9       IS IF IT IS GOING TO GET CONTINUED TO LET US KNOW NOW SO I

10      COULD NOT HAVE MY WITNESS COME TO THE U.S. NEXT WEEK.

11             THE COURT:  IF YOU HAVE A WITNESS THAT'S GOING TO BE

12      IN TRANSIT I'LL MOVE IT SO HE DOESN'T HAVE TO TRAVEL BEFORE

13      NEXT TUESDAY.

14             THE COURT:  OKAY.  THANK YOU, YOUR HONOR.

15             MR. SIPIORA:  ALL RIGHT.  THANK YOU.

16         9:00 A.M. PACIFIC, TUESDAY.

17             THE COURT:  RIGHT.  AND WE CAN RESCHEDULE THE

18      PRETRIAL AT THAT TIME.

19             MR. SIPIORA:  ALL RIGHT.

20         JUST, HAVE YOU GIVEN ANY THOUGHT TO THE DURATION OF THIS

21      TRIAL IF I MAY ASK?  THERE WAS AN ISSUE ABOUT HOW MUCH TIME YOU

22      WERE GOING TO GIVE US.

23             THE COURT:  IT SOUNDED LIKE YOU WERE, IF I RECALL,

24      ABOUT 15 HOURS EACH.

25             MR. SIPIORA:  I THINK IT WAS 17, ACTUALLY.
```

1          THE COURT:  THAT SOUNDS WITHIN REASON TO ME.

2          MR. SIPIORA:  ALL RIGHT.  OKAY.  WE COULD PLAN ON

3    THAT.

4          THE COURT:  THAT INCLUDES OPENING AND CLOSING, RIGHT?

5          MR. SIPIORA:  YES, SIR.

6          THE COURT:  USUALLY I SEPARATE OUT CLOSING, SO I

7    WOULD PROBABLY GIVE YOU 15 A PIECE AND THEN LIMIT YOUR CLOSING.

8          MR. BAIK:  THE ONLY CONCERN WE HAVE, YOUR HONOR, WITH

9    THE CURRENT SCHEDULE, THE 17 HOURS A PIECE, WE RUN INTO A THIRD

10   WEEK BECAUSE NOVEMBER 11TH IS A DARK DAY, MONDAY NOVEMBER 11TH

11   IS VETERANS DAY.  WE WOULD LIKE TO TRY IT FINISH UP WITHIN THE

12   FIRST TWO WEEKS.

13         THE COURT:  WELL, CERTAINLY.  WE CAN DISCUSS THAT IN

14   DETAIL AT THE TIME.

15         MR. BAIK:  OKAY.

16         MR. SIPIORA:  THANK YOU, YOUR HONOR.

17         THE COURT:  ALL RIGHT.  THANK YOU.

18     (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

19

20

21

22

23

24

25

1

2

3

4                    **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13             THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 11/15/13