1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

REALTEK SEMICONDUCTOR,
CORPORATION,

              Plaintiff,

v.

LSI CORPORATION AND AGERE
SYSTEMS LLC,

              Defendants.

Case No. C-12-3451-RMW

**ORDER DENYING REALTEK'S
MOTION FOR LEAVE TO AMEND
PLEADINGS AND PARTIALLY
DISMISS CLAIM WITHOUT
PREJUDICE ('867 PATENT ONLY)**

**[Re: Dkt. No. 252]**

        Plaintiff Realtek Semiconductor Corp. ("Realtek") moves for leave to amend its complaint to dismiss without prejudice its claim for a declaration of the reasonable and non-discriminatory ("RAND") royalty for U.S. Patent No. 6,707,867 ("the '867 Patent"). Dkt. No. 252. LSI opposes. Dkt. No. 259. The court DENIES Realtek leave to amend.

        The court issued a scheduling order in this case setting a January 11, 2013 deadline to amend pleadings. *See* Dkt. No. 48 (parties' joint case management statement requesting the January 11, 2013 deadline). Realtek thus seeks to modify the case schedule to permit it to amend its complaint. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment

policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Significantly, "[i]f [the party seeking leave to amend] was not diligent, the inquiry should end." *Id.* (quoting *Johnson*, 975 F.2d at 609).

Here, Realtek was not diligent. Realtek should have known of the basis for its motion since November 20, 2013, when the International Trade Commission ("ITC") extended the target date for the investigation's completion to February 3, 2014. Given the presidential review period of 60 days and the fact that the '867 Patent expires on February 23, 2014, Realtek should have known as of November 20, 2013 that no exclusion order could issue for infringement of the '867 Patent. Rather than move for leave to amend shortly thereafter, Realtek instead filed its motion on February 5, 2014, just three business days before trial. Waiting over two months to file a motion literally days before trial is not diligent.

Even though the inquiry could end there, the court also finds that LSI would be unduly prejudiced by dismissal of Realtek's declaratory judgment claim at this late stage. In particular, both parties have presumably put significant resources toward resolving the '867 Patent RAND issue in the form of deposing witnesses, working with experts, examining the technology, and preparing for the imminent trial. Given the possibility that LSI could bring suit against Realtek for past damages for Realtek's alleged infringement of the '867 Patent, it would be an immense waste of resources for that future court, LSI, and Realtek to resolve the issue of a RAND rate for the '867 Patent. As such, there is not good cause for the court to modify its scheduling order.

For the foregoing reasons, the court DENIES Realtek's Motion for Leave to Amend Pleadings and Partially Dismiss Claim Without Prejudice ('867 Patent Only). Absent any unforeseen circumstances, the trial will proceed as planned on February 10, 2014.

Dated: February 7, 2014

RONALD M. WHYTE
United States District Judge

ORDER DENYING LEAVE TO AMEND
Case No. C-12-3451-RMW
RDS

- 2 -