UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR, CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION AND AGERE SYSTEMS LLC,<br><br>Defendants. | Case No. C-12-3451-RMW<br><br>**ORDERS ON RECENTLY MADE MOTIONS**<br><br>**[Re: Dkt. Nos. 268, 280, 292]** |

These orders address recently raised or renewed issues.

**1. LSI's Motion to Preclude Further Evidence and Argument Relating to the P.A. Consulting Group's "802.11 Patent Landscape: PA's Patent Landscape Analysis"**

LSI Corporation and Agere Systems LLC (collectively, "LSI") move to preclude further evidence and argument relating to the P.A. Consulting Group's "802.11 Patent Landscape: PA's patent landscape analysis" (the "P.A. Report"). Realtek Semiconductor Corp. ("Realtek") offered the P.A. Report for the first time during the examination of Dr. Gregory Leonard, after Dr. Leonard referenced the report as confirming his opinion as to the number of standard essential patents that exist. The report apparently came out after Dr. Leonard completed his report. Realtek had never previously disclosed the report to LSI, nor did Realtek supplement Dr. Leonard or Dr. Matthew

ORDERS ON RECENT MOTIONS
Case No. C-12-3451-RMW
RDS
- 1 -

Shoemake's expert reports to include the P.A. Report. Moreover, Realtek never disclosed the P.A. Report as a potential exhibit at trial.

Expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them. Fed. R. Civ. P. 26(a)(2)(B). If a party fails to comply with the disclosure rules, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the failure to disclose the P.A. Report was not substantially justified or harmless. LSI was understandably surprised when Dr. Leonard alluded to the P.A. Report, and then again when Realtek sought to admit the report into evidence. Realtek had ample opportunity to supplement its experts' reports and to disclose the P.A. Report for use as an exhibit at trial, yet it did not do so. LSI has not had the opportunity to examine the report's reliability or to consider whether experts in the field would rely on the report. Realtek is thus precluded from introducing any further evidence or argument relating to the P.A. Report. *See Guzik Technical Enterprises, Inc. v. W. Digital Corp.*, 5:11-CV-03786-PSG, 2013 WL 6070414, at *4 (N.D. Cal. Nov. 18, 2013) ("In determining whether to preclude introduction of evidence pursuant to FRCP 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence."). LSI's motion is GRANTED.

### 2. LSI's Motion for Judgment as a Matter of Law on Damages

LSI's motion for judgment as a matter of law that Realtek has failed to meet its burden of persuasion on damages (*see* Dkt. 280) was previously orally addressed (Trial Tr. 1049:13-1050:3). The court denied LSI's motion on the record. For the reasons stated on the record, LSI's motion for judgment as a matter of law is DENIED. *See* Dkt. No. 280.

### 3. Realtek's Motion to Proffer the ITC's Preliminary Finding of Noninfringement

The court has previously made clear in response to Realtek's repeated attempts to offer the ITC's preliminary finding of noninfringement that Realtek is not permitted to use the ITC's initial determination or LSI's recent motion to terminate the ITC investigation as to the '867 Patent. *See,*

*e.g.*, Dkt. No. 222 at 1-2. Realtek's motion to proffer this evidence is DENIED. *See* Dkt. No. 268. Even if the preliminary finding were deemed relevant, its probative value is substantially outweighed by F.R.E. 403 concerns of unfair prejudice, confusing the issues and misleading the jury.

Dated: February 24, 2014

_____
RONALD M. WHYTE
United States District Judge