UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR, CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION AND AGERE SYSTEMS LLC,<br><br>Defendants. | Case No. C-12-3451-RMW<br><br>**ORDER GRANTING PROPOSED TRANSCRIPT REDACTIONS** |

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions or trial transcripts bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or

other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

The Court GRANTS the parties' proposed transcript redactions. All proposed redactions are narrowly tailored to confidential business information in accordance with Civ. L. R. 79-5. The proposed redactions on the following pages and lines are GRANTED:

**February 13, 2014 Trial Transcript**

- 596:24
- 597:24
- 598:3, 8, 14, 22
- 599:4, 6, 15, 18
- 601:17-604:23

**February 18, 2014 Trial Transcript**

- 720: 17, 19
- 721: 3, 16, 19
- 722: 4, 6, 9, 13, 18, 23, 24
- 723: 2, 21, 23, 24
- 724: 11, 22
- 725: 23, 24
- 726: 25
- 727: 5

- 729: 1, 3
- 730: 7, 20

**February 19, 2014 Trial Transcript**

- 906:24-907:6
- 907:12-911:7
- 911:16-913:13
- 914:3-10
- 915:10-11
- 915:20-917:18
- 918:3-6
- 918:11-919:10
- 919:15-920:5
- 920:9-921:1
- 921:5-7
- 930:2-940:2
- 941:2-951:8
- 951:21-954:24
- 955:7-18
- 955:25-956:12

**February 20, 2014 Trial Transcript**

- 1147:5-1149:23
- 1156:5-1159:6
- 1160:13-1163:4
- 1164:9-1167:1
- 1167:11-23
- 1169:8-1170:23
- 1173:12-1174:17
- 1216:3-1219:6

- 1219:19-1221:2
- 1223:9-13

**February 24, 2014 Trial Transcript**

- 1315:3-9
- 1315:19-1316:3
- 1316:17-19
- 1317:15-24
- 1319:5-7
- 1319:10-14
- 1319:19-22
- 1321:16-25
- 1326:16-1328:11
- 1328:15-23

**IT IS SO ORDERED.**

Dated: April 10, 2014



_____
RONALD M. WHYTE
United States District Judge

ORDER GRANTING TRIAL REDACTIONS
Case No. C-12-3451-RMW
RDS

- 4 -